No. 9464.   NOVEMBER 14, 1933.

*D. C. Jones* and *R. Lee Moore,* for plaintiffs.
*Howell Cone,* for defendants.

GARRISON *et al.,* trustees, *v.* TOCCOA ELECTRIC POWER COMPANY *et al.*

No. 9485.   NOVEMBER 14, 1933.

*Watkins, Asbill & Watkins* and *Allison S. Prince,* for plaintiffs.
*William Butt,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) Under the law all property of hydro-electric public utility corporations is assessed for taxation, and returned by these companies to the comp-

troller-general, in the same manner as property that has been previously returned by railroad companies. If the comptroller-general is satisfied with the assessment and return, there is no statute in this State relating to this subject which prevents the assessment and return of the corporation from being final and conclusive. On the other hand, it is provided by the Civil Code (1910), § 1045, as follows: "Whenever the comptroller-general shall be dissatisfied with a return for taxation required by law to be made to him by any corporation . . and shall make an assessment which is not satisfactory to the officer or person making such return, and two arbitrators are chosen, one by the comptroller-general and the other by said officer or person, if said arbitrators fail to select an umpire within thirty days after receiving notice of their appointment, the Governor shall appoint two arbitrators, who, with the arbitrator selected by said officer or person representing the corporation, company or institution, shall determine the question of amount or value, as the case may be, and their award shall be final." The comptroller-general must notify the taxpayer of his objections, and select his arbitrator within sixty days from the filing of the return. In the case before us it appears from the petition that the Toccoa Electric Power Company filed its assessment and return, but that the comptroller-general did not make any objection to the return or any part thereof within the sixty days prescribed by the statute, and so far as appears from the record has never suggested any correction of the assessment and return. In these circumstances it does not appear that the trustees of the Morganton School District are now powerless to obtain the relief they seek, by reason of any deficiency of a legal remedy, but on account of their laches in not moving sooner in the matter. They are charged with knowledge of the law. They were of the opinion, nearly a year before the present return could properly be made, that the Morganton School District was not receiving its proper proportion of the taxes payable by the Toccoa Electric Power Company. By the exercise of very slight diligence they could have become apprised of the contents of the return and assessment that the company made to the comptroller-general, and could promptly have demanded that the comptroller-general file appropriate objections in their behalf. Had the comptroller-general refused to object, as he alone is empowered to do,

the writ of mandamus would have supplied an appropriate means of testing the validity of the objections which are now sought to be presented to the court by this equitable petition. As said in *Rogers* v. *Kingsbury, 22 Ga.* 60: "A court of equity does not relieve a person from a judgment which he might have prevented but for his own negligence." That was a case of an appeal. A motion was made to dismiss the appeal, on the ground that the affidavit of the inability of the plaintiff to pay cost to enable the complainant to appeal in forma pauperis was insufficient and defective. The motion was granted by the court, and the appeal dismissed. Complainant's attorney excepted to that decision, and a bill of exceptions and all the papers necessary to bring the case to the Supreme Court were prepared and signed, but owing to some mistake of the clerk the bill of exceptions was not transmitted within the proper period to the Supreme Court. Rogers filed a bill in equity, alleging that Kingsbury was proceeding to enforce the collection of the confession of judgment. Upon these facts this court held: "The writ of error would have furnished a corrective for the errors complained of in the bill. But the benefit of the writ of error was lost to the complainant by his own *negligence*. If he had applied to this court for a mandamus against the clerk, at the term to which his writ of error was returnable, he would have saved the return of the case. But he never applied for a mandamus at any term, and he gives no excuse for never having applied for one. We must impute it to his negligence, therefore, that he did not get a mandamus, and consequently we must impute it to his negligence, that he missed having his case heard in this court." On this subject see *Vaughn* v. *Fuller, 23 Ga.* 366; *York* v. *Clopton, 32 Ga.* 362; *Hill* v. *Harris, 42 Ga.* 412. Having reached the conclusion that the court's judgment upon this ground of demurrer authorized the dismissal of the action, it is unnecessary at this time to decide the questions raised by other grounds of demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*