26719.   ERWIN et al. v. MARX.

HAWES, Justice. The appeal here is from the judgment sustaining the defendant's motion to dismiss the plaintiffs' complaint, the same having been treated as a motion for summary judgment under the provisions of § 12 (b) of the Civil Practice Act (*Code Ann.* § 81A-112 (b)). The plaintiffs filed an equitable action under the provisions of § 60 (e) of the Civil Practice Act (*Code Ann.* § 81A-160 (e)) to set aside a judgment which had been obtained against them by the defendant on the ground that the same was procured by the fraudulent acts of the defendant in concert with his attorney. The undisputed facts as shown by the pleadings and depositions of the plaintiffs show that the defendant Marx had filed suit against the plaintiffs in the Superior Court of Fulton County on the 20th day of February, 1970, seeking damages for breach of alleged warranties embodied in a real estate contract. Plaintiffs did not file defensive pleadings to that action, but entered into negotiations with the defendant and his attorney seeking to adjust the matter. Those negotiations

culminated in an agreement whereby the plaintiffs were to perform certain remedial work on the defendant's house on or before the 22nd day of June, 1970. Plaintiffs contended that if this work was satisfactorily performed, it was to constitute a complete settlement of the suit and that defendant agreed to dismiss the same. As a part of the agreement, the defendant's counsel granted an extension of time to the plaintiffs in which to file defensive pleadings to June 22, 1970. However, defensive pleadings were never filed. Plaintiffs contended that they completed the remedial work on August 10, 1970, and that the same was accepted by the defendant. On December 9, 1970, defendant's attorney wrote to the plaintiffs demanding the payment to the defendant within 5 days from the receipt of the letter the sum of $2,710.75, and stating that upon receipt of the same he would dismiss the suit, "otherwise, we will seek to enforce judgment on the same." Both plaintiffs admitted receiving this letter, but they took no action to employ counsel and open the default until just prior to, or approximately at, the time judgment was taken against them by the defendant on February 2, 1971. *Held:*

1. Under the provisions of § 60 (e) of the Civil Practice Act (*Code Ann.* § 81A-160 (e)) a "complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." This provision of the Civil Practice Act is identical with the provisions of former *Code* §§ 37-219 and 110-710, and cases decided under the former Code sections are applicable in principle to cases arising under this section of the Civil Practice Act.

2. Under the former Code sections, it was uniformly held that where a defendant in a pending lawsuit negligently failed to make his defense, equity would not intervene to grant him any relief from a judgment obtained against him in consequence of his negligence. The cases so holding were reviewed extensively and quoted in the exhaus-

tive opinion of this court rendered in the case of *Beddingfield v. Old National Bank &c. Co.,* 175 Ga. 172 (2) (165 SE 61). It would serve no useful purpose to repeat the quotations of the many varied statements of this rule set forth in that opinion. For similar rulings, see *Garrison v. Toccoa Electric Power Co.,* 177 Ga. 850 (171 SE 564); *Rawleigh Co. v. Seagraves,* 178 Ga. 459 (2) (173 SE 167); *Elliott v. Marshall,* 182 Ga. 513 (185 SE 831); *Beavers v. Cassells,* 186 Ga. 98 (196 SE 716).

3. In the instant case, it appears without dispute that when the plaintiffs received the letter of the defendant's attorney on or about December 10, 1970, they knew that there was still pending in the Superior Court of Fulton County a suit against them which was in default by reason of the fact that no answer had been filed within the time extended for the filing of the same, and they were fully cognizant of whatever defenses they may have had to the demand of the defendant therein, but failed to take any action to have the default opened and to assert those defenses until nearly two months had elapsed and until a final judgment had been taken against them. Under the principles enunciated in the cases cited in the preceding headnote, and many more that could be cited, they are barred by reason of their own negligence and laches from invoking the aid of equity in setting aside the judgment against them, and the trial court did not err in dismissing their complaint.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 16, 1971—DECIDED JANUARY 6, 1972.

*Parks & Eisenberg, David S. Eisenberg,* for appellants.
*George S. Stern, J. Michael Kaplan,* for appellee.