### 31794. STRATTON et al. v. BINGHAM.

UNDERCOFLER, Presiding Justice.

This appears to be an expensive lesson in failing to answer a lawsuit. The sellers of a 1973 Mercury were sued by the buyer on the ground that the sellers did not have good title as alleged in the bill of sale, because of an outstanding lien on the car in favor of Ford Motor Credit Corporation. The sellers perfected the title, but failed to answer the buyer's suit. Four months later, they received an amendment alleging fraudulent concealment of the outstanding security interest causing damage to the buyer because she "acted to her detriment and suffered loss of job security with her employer." Sellers failed to respond to this amendment also and the default judgment was entered against them.

Sellers now seek to set aside that judgment in equity on the basis of Code Ann. § 37-220: "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or *the act of the adverse party, unmixed with fraud or negligence on his part.*" See Code Ann. § 81A-160 (e). The trial court, however, granted the buyer's motion to dismiss and we must affirm.

It should have been clear to the sellers that the buyer, upon receiving the title certificate, had not dismissed her complaint when the amendment was received. There was thus no fraud on the buyer's part. Yet, the sellers failed again to answer. "[I]t was uniformly held that where a defendant in a pending lawsuit negligently failed to make

his defense, equity would not intervene to grant him any relief from a judgment obtained against him in consequence of his negligence." *Erwin v. Marx,* 228 Ga. 495, 496 (186 SE2d 735) (1972). Accord, *Hirsch v. Collier,* 104 Ga. App. 271 (121 SE2d 318) (1961). The trial court did not err in dismissing the sellers' suit to set aside the judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 17, 1976 — DECIDED JANUARY 28, 1977.

*Martin L. Fierman,* for appellants.
*Martin D. Chitwood,* for appellee.