## 33455. LAMAS v. CITIZENS & SOUTHERN NATIONAL BANK.

BOWLES, Justice.

This appeal is from the grant of appellee-bank's motion for summary judgment in a dispossessory proceeding and denial of a portion of appellant's counterclaim seeking to set aside a foreclosure sale.

Appellant was the owner of a certain building and lot in Savannah upon which the bank held a security deed. Appellant fell into default on payments to the bank and the bank foreclosed on the property. The evidence shows that appellant received due and legal notice of the foreclosure proceedings and that he was represented by counsel at that time.

Following the foreclosure, the bank entered into an agreement with appellant under which appellant paid rent on the premises foreclosed upon and on the laundry equipment which appellant had voluntarily surrendered to the bank in accordance with the terms of their security agreement. Several months later, during which time appellant was paying rent for use of the premises, the bank entered into a contract with a third party for the sale of the premises. The bank notified appellant to vacate the property within sixty days. Appellant refused to vacate and ceased paying rent. The bank filed dispossessory

proceedings.

Appellant answered, denying that the bank owned the property in question and denying that he was a tenant. By way of counterclaim, appellant alleged that he was lulled into allowing a foreclosure on the property after being told that this foreclosure was a matter of form and that following the foreclosure a new loan would be issued in an amount sufficient to redeem the property. He moved to have the foreclosure deed set aside or declared void.

The bank filed a motion to dismiss appellant's counterclaim and for summary judgment, asserting that appellant was barred by the doctrine of laches from asserting that the foreclosure deed should be set aside, and was estopped to deny the validity of the foreclosure deed, having entered into a lease agreement with the bank and paid rent in accordance with that agreement.\ The trial court granted the bank's motion for summary judgment in part and ordered appellant to deliver full and quiet possession of the property to the bank. Damage claims of Lamas arising out of a different transaction were not reached by the trial court. We affirm.

It is undisputed that appellant was fully advised of the foreclosure proceedings filed by the bank on his property and should have been aware of any defenses he may have had at the time of the foreclosure. He remained silent until five months after the foreclosure, at which time the bank changed its position by entering into a contract of sale with third parties. Under these circumstances we find that appellant was barred by laches from invoking the aid of equity in setting aside the foreclosure deed. *Erwin v. Marx,* 228 Ga. 495 (186 SE2d 735) (1972) and cits. Any allegation of fraud on the part of the bank made by appellant in his counterclaim pertains to a transaction entirely separate from the subject matter of this lawsuit, and is irrelevant to the decision in this case.

As appellant admits the payment of rent to the bank subsequent to the foreclosure, he is estopped from denying the bank's valid title to the property. Code Ann. § 61-107; *Barnett v. Lewis,* 194 Ga. 203 (20 SE2d 912) (1942).

*Judgment affirmed. All the Justices concur, except*

*Nichols, C. J., who is disqualified.*

Argued April 12, 1978 — Decided May 23, 1978.

*Joseph B. Bergen,* for appellant.
*Adams, Adams, Brennan & Gardner, Sam P. Inglesby, Jr., Kathleen Horne,* for appellee.