63497. PARSON-NICHOLSON, INC. v. DALTON CARPET FINISHING COMPANY, INC.

DEEN, Presiding Judge.
Dalton Carpet Finishing Co., Inc. brought suit against Parson-Nicholson, Inc. on January 8, 1981, on an open account in the amount of $14,097.29. After service of the complaint, the parties apparently entered into settlement negotiations, but no agreement was reached and the defendant did not file an answer. On February 26, 1981, a default judgment was entered in favor of the plaintiff. No motions or appeal followed. On March 13, 1981, Parson-Nicholson filed a suit in equity seeking to set aside the default claiming fraudulent acts of Dalton Carpet Finishing Co. prevented it from filing an answer. The defendant filed a motion for summary judgment accompanied by an affidavit of the company's executive vice president denying that the company extended time to Parson-Nicholson to answer the complaint and stated that neither the firm nor its attorneys did anything to lead the plaintiff to believe that it had the right to ignore the service of process or not answer the complaint. An officer of Parson-Nicholson filed a counter-affidavit contending that the defendant had supplied it with defective goods and a dispute arose as to the account balance. He contends that after service of the lawsuit, he contacted the carpet finishing company's attorney who suggested that the parties meet to work out their differences. Approximately two weeks later, he met with the executive vice president and they agreed to a second meeting in approximately two weeks to resolve the dispute, but the meeting never took place although attempts were made to contact the vice president to arrange the meeting. Parson-Nicholson appeals from the grant of summary judgment in favor of the carpet finishing company.
*Held:*
Code Ann. § 81A-160 (e) provides that a judgment may be set

aside in equity for fraud, accident or mistake or the acts of the adverse party which are unmixed with the negligence of the plaintiff.

"As a general rule, equity will grant no relief to one against whom an unfavorable judgment has been rendered, even in consequence of fraud, where the aggrieved party could have prevented the return of such a judgment by the exercise of proper diligence; but this rule is not applicable where there is a confidential or fiduciary relation between the parties. In such a case the law requires the utmost good faith, and the parties are not required to anticipate or watch for fraud." *Hogg v. Hogg,* 206 Ga. 691 (3) (58 SE2d 403) (1950). As noted in *Mahler v. Paquin,* 142 Ga. App. 582, 584 (236 SE2d 512) (1977), where the relationship between the parties is that of businessmen and while in the majority of business dealings the parties have trust and confidence in each other's integrity, there is no confidential relationship between them. As to the relationship with the carpet finishing company's attorney, the affidavit shows only that the attorney suggested that the parties meet to work out their differences and did not state that the lawsuit would in any way be stayed pending the outcome of their negotiations. As the complaint and summons directed Parson-Nicholson to file an answer and it failed to do so, it is barred by its own negligence in invoking a court of equity to set aside the judgment. *Erwin v. Marx,* 228 Ga. 495 (186 SE2d 735) (1972).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 11, 1982.

*William W. Keith III,* for appellant.
*Leslie R. Waycaster, Jr., John T. Avrett,* for appellee.