HUMANETICS, INC., Plaintiff-Appellant,

v.

KERWIT MEDICAL PRODUCTS, INC.
and Malcolm Kerwit,
Defendants-Appellees.

No. 82–1308.

United States Court of Appeals,
Fifth Circuit.

July 18, 1983.

Allen Butler, Dallas, Tex., Morton Amster, Joel E. Lutzker, New York City, for plaintiff-appellant.

Locke, Purnell, Boren, Laney & Neely, John H. McElhaney, Dallas, Tex., Warren H. Rotert, Robert E. Paulson, New York City, for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

On May 4, 1978, the plaintiff Humanetics filed an independent equitable action to set aside a consent judgment of patent infringement and validity entered on April 12, 1971, some seven years earlier, in favor of the defendant Kerwit's predecessor in interest, to whom the patent had been issued. The petition alleges that Kerwit's patent was procured by fraud and is invalid under 35 U.S.C. § 102(a), (b), because of a prior public use and of prior printed publication, both of which were known to Kerwit prior to the 1970 issuance of the patent. The identical facts had been urged by the plaintiff in a Rule 60(b) motion to vacate the consent judgment, which had been denied on the ground that the facts so alleged did not constitute a fraud on the court entitling Humanetics to relief from the consent judgment. *Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc.,* 616 F.2d 833 (5th Cir.1980).

The district court granted the defendant's motion to dismiss the suit for failure

to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), and the plaintiff appeals. We affirm.

## I.

At 11 Wright and Miller, Federal Practice and Procedure § 2868, at 238 (1973), "[t]he requirements of established doctrine for the independent action in equity" to relieve a party from a prior judgment are summarized:

The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

The treatise continues:

Resort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances. It is not the function of an independent action to relitigate issues finally determined in another action between the same parties. It is not a remedy for inadvertence or oversight by the losing party in the original action, nor will it lie on the behalf of a party who was himself at fault.

The most common ground for an independent action is fraud, although the action also will lie on the basis of accident or of mistake . . . .

There is no time limit on when an independent action may be brought, but the doctrine of laches is applicable and undue delay may bar relief.

*Id.* at 239–41.

In granting the motion to dismiss this complaint for failure to state a claim, accepting the allegations as true, the district court analyzed the plaintiff's assertions and found them to be insufficient as a matter of law as a basis for the relief sought. With particular reference to an issue stressed before us by the plaintiff, the district court, citing applicable jurisprudence, observed,

It could of course be argued that in the realm of patent litigation the public interest in eliminating worthless patents should also purge the res judicata effect of consent decrees adjudicating validity and infringement. A series of Supreme Court cases has established that there is a significant public interest in abolishing worthless patents.

Noting that the plaintiff urged that this public interest rationale should be applied to void the consent judgment, the court then pointed out several factors that mitigate against doing so in this case, including the "fundamental policy favoring the expedient and orderly settlement of disputes and the fostering of judicial economy, which may outweigh the general patent policy" of eliminating worthless patents. The court concluded,

In any patent case involving a consent decree, the public interest in settlement of lawsuits should be balanced against that of removing invalid patents. Neither policy is necessarily transcendant, and the facts of each individual situation should control. *See Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1373–74 (6th Cir.1975). On balance, the Court is of the opinion that the scales tip in favor of enforcing the settlement agreement [under the analyzed facts as alleged by the petition and disclosed by the record of the proceedings].

## II.

Conceding arguendo the plaintiff's contention that the denial of Rule 60(b) relief does not necessarily preclude relief by an independent action—the independent action "affords relief, when warranted by general equitable principles, although relief by motion under 60(b)" may not be obtainable, 7 Moore's Federal Practice ¶ 60.38[3], at 652 —, the pleaded facts accepted as true nevertheless do not afford a basis for relief under general equitable principles.

The alleged fraud upon the patent office (and thus the public) may indeed inject a value into the weighing of whether equitable relief is available by an independent action beyond that normally affordable by a Rule 60(b) motion. Nevertheless, a threshold issue is whether the aggrieved party shows a wrong or fraud that is sufficient "to render it manifestly unconscionable for his successful adversary to enforce the judgment." *Pickford v. Talbott,* 225 U.S. 651, 657–58, 32 S.Ct. 687, 689, 56 L.Ed. 1240 (1911).

Simply stated, under the particular circumstances here presented (where the plaintiff by abandoning discovery and entering into the consent judgment, and where the alleged nondisclosure has been previously held by a definitive Rule 60(b) judgment not to be a "fraud on the court" as between the parties), the fraud alleged (the asserted failure to disclose prior use or prior publication to the patent office before the patent was issued, or to the plaintiff when enforcement of the patent was sought against it) is not of such weight as to outbalance under the circumstances before us "the general policy in favor of finality of litigation" concluded by a patent-validity consent judgment and in which the complaining party could reasonably have, but failed to, raise as a defense the matter now relied upon to prevent enforcement of the judgment. *USM Corporation v. SPS Technologies, Inc.,* 694 F.2d 505, 508–10 (7th Cir.1982). In short, under the circumstances here presented, accepting all the plaintiff's allegations as true, it is not "manifestly unconscionable" to enforce the consent judgment against this plaintiff, and it is therefore not entitled to the equitable relief brought by its action.

### III.

If the plaintiff's attack upon the consent decree fails, it is res judicata as to the matters concluded and bars the other causes of action pleaded by Counts II (declaratory action seeking determination of invalidity of the patent), III (antitrust action founded on enforcement of a patent procured by fraud on the patent office), and IV (unfair competition through enforcement of a fraudulently procured patent). Nor does the plaintiff cite authority to the contrary.

*Conclusion*

Accordingly, we AFFIRM the judgment dismissing the plaintiff's suit.

AFFIRMED.