359 S.E.2d 596

**Kathryn VanMETER**

v.

**David W. WARNER.**

**David WARNER**

v.

**Dwight W. YOKUM, et al.**

**David W. WARNER**

v.

**Kathryn VanMETER.**

No. 16959.

Supreme Court of Appeals of West Virginia.

July 22, 1987.

George I. Sponaugle, Sponaugle, Sponaugle & Bowers, Franklin, for appellant.

Arden J. Curry, Charleston, for David W. Warner.

Geary & Geary, Petersburg, and Lewis, Ciccarello, Masinter & Friedburg, Charleston, for Mountaineer Fire.

Bean & Bean, Moorefield, for Dwight Yokum.

PER CURIAM:

This is an appeal by Kathryn VanMeter, administratrix of the estate of Carl Michael VanMeter, from an order of the Circuit Court of Grant County which in an independent civil action set aside a final judgment order dated November 14, 1979.

Carl Michael VanMeter died in an automobile accident which occurred in Grant County on December 31, 1976. David Warner owned the automobile in which Mr. VanMeter was riding at the time of his death and was an occupant in the car. Mr. Warner purchased automobile liability insurance from Dwight W. Yokum, a local insurance agent for Mountaineer Fire and Casualty Insurance Company (Mountaineer). The estate of Mr. VanMeter instituted legal action against Mr. Warner in the Circuit Court of Grant County for the wrongful death of Mr. VanMeter on October 24, 1978. Process was personally served on Mr. Warner on November 4,

1978. More than one year later, no appearance having been made by Mr. Warner, the circuit court entered default judgment against Mr. Warner in the amount of $11,948.35.

Thirteen months later, counsel for the estate of Mr. VanMeter wrote to Mountaineer enclosing a copy of the judgment order and requested that the judgment be satisfied. Mountaineer denied liability and stated it had no notice that the suit had been instituted. Three years later, Mr. Warner sued Mountaineer and Mr. Yokum upon discovering that there was a lien against his property for the wrongful death judgment order. Two months later, Mountaineer, in the name of Mr. Warner, instituted this civil action to set aside the default judgment.

■ We set forth the requirements necessary in order for a party to obtain relief by an independent action pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure in Syllabus Points 1, 2, and 3 of *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984):

"1. In addition to a motion for relief from a final judgment, order or proceeding pursuant to the reasons set forth in *W.Va.R.Civ.P.* 60(b)(1) through (5), the rule specifically provides that a party may obtain relief from a final judgment, order or proceeding through an independent action.

"2. The definition of an independent action, as contemplated by *W.Va. R.Civ.P.* 60(b), is an equitable action that does not relitigate the issues of the final judgment, order or proceeding from which relief is sought and is one that is limited to special circumstances.

"3. In order to obtain relief from a final judgment, order or proceeding through an independent action, the independent action must contain the following elements: (1) the final judgment, order or proceeding from which relief is sought must be one that, in equity and good conscience, should not be enforced; (2) the party seeking relief should have a good defense to the cause of action upon which the final judgment, order or proceeding is based; (3) there must have been fraud, accident or mistake that prevented the party seeking relief from obtaining the benefit of his defense; (4) there must be absence of fault or negligence on the part of the party seeking relief; and (5) there must be no adequate legal remedy."

In that case, the defendant in a divorce action filed no answer nor hired counsel, but over eight months after the divorce order was entered, petitioned for relief from the divorce and challenged the paternity of the child born of the marriage. We found that the defendant's petition for relief did not meet the requirements of an independent action primarily because of the defendant's fault or negligence in not raising the issue of paternity through appropriate proceedings prior to the final disposition of the divorce. We found "that all facts asserted in the petition were available to the appellant prior to the expiration of the time limitations imposed by Rule 60(b)." 173 W.Va. at 438, 317 S.E.2d at 797.

■ Courts and commentators have observed that relief from a judgment through an independent action is rarely done and then only under unusual and exceptional circumstances. *Humanetics, Inc. v. Kerwit Medical Products, Inc.*, 709 F.2d 942 (5th Cir.1983); *Hayashi v. Hayashi*, 4 Hawaii App. 286, 666 P.2d 171 (1983); *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn.1976); 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2868 at 73–74 (Supp.1986). Here, as in our preceding case, the facts which are alleged to make the judgment inequitable were known to the defendant at the time the suit was filed. It was alleged that the driver of the vehicle was not the defendant, but rather the plaintiff's decedent.

The defendant, Mr. Warner, was personally served and the trial court found that his delivery of the suit papers to his insurance agent who stated he forwarded them to the insurance company gave proper notice to the company. Moreover, it appears that the company had initially investigated

the accident and had the same facts as to who was alleged to be the driver.

With this information and timely notice of the filing of the suit, neither the defendant nor the insurance carrier took steps to respond—until some four years after the default had occurred. We do not believe the trial court was correct in holding that there was an absence of fault or neglect on the part of Mr. Warner and his insurance carrier. Courts require the party seeking relief in an independent action to utilize diligence. *Stiles v. Wallis,* 147 Cal.App.3d 1143, 195 Cal.Rptr. 377 (1983); *Parson-Nicholson, Inc. v. Dalton Carpet Finishing Co., Inc.,* 161 Ga.App. 595, 289 S.E.2d 25 (1982); *Hayashi v. Hayashi, supra; Robyn Marketing, Inc. v. Fjelstead,* 693 S.W.2d 239 (Mo.App.1985); *Dunham v. First National Bank in Sioux Falls,* 86 S.D. 727, 201 N.W.2d 227 (1972). Our prior practice followed much the same law. *See Smith-Pocahontas Coal Co. v. Morrison,* 93 W.Va. 356, 117 S.E. 152 (1923).

For the foregoing reasons, the order of the Circuit Court of Grant County is reversed and the default judgment reinstated.

Reversed.