## A91A1108. FIRST DIXIE PROPERTIES, INC. v. CHRYSLER CORPORATION.
(413 SE2d 464)

COOPER, Judge.

This is an appeal from the trial court's order granting appellee's motion to set aside default judgment and to enforce settlement.

In August 1986, appellant filed suit against appellee by and through its counsel of record, Larry Thomason. Through the end of 1986, Thomason was engaged in settlement negotiations with appellee's counsel in Michigan which resulted in an offer by appellee on November 25, 1986 to settle the case for $7,000. In a letter from appellant to Thomason dated December 10, 1986, appellant rejected appellee's $7,000 offer. Unknown to appellant, on January 14, 1987, appellee mailed a settlement check in the amount of $7,000 made payable to Thomason's trust account, as attorney for appellant. The letter accompanying the check stated that the check was in settlement of appellant's lawsuit and, in a postscript, appellee requested that Thomason forward to appellee a copy of the Dismissal with Prejudice so that appellee could close its file. The check was negotiated by Thomason, who did not pay the funds to appellant or notify appellant of the receipt of the check. The parties state that Thomason has since been disbarred and is now serving time in jail. In an affidavit, Jack Gocek, vice-president of appellant, stated that he was in touch with Thomason periodically through the beginning of 1989 and had during that time requested Thomason to ask for a jury calendar date. When Gocek became aware of Thomason's disbarment in March 1989, he called appellee and was told of the check that had been sent to Thomason. Appellant never received any money or did Gocek ever give his permission to settle the case. Throughout this time, appellee did not file an answer to the original complaint or did appellee obtain a dismissal of the suit. There is no evidence in the record that indicates appellee attempted to obtain a dismissal or follow up in any way on its request to Thomason for a dismissal that was contained in the letter accompanying the check. Gocek continued to talk to appellee's counsel in Michigan during August and September 1989 and informed him that the case was still pending and that he intended to proceed to a judgment against appellee since they had failed to answer and had failed to obtain a dismissal of the suit. Gocek was informed by appellee's counsel that as far as they were concerned the matter was settled. Gocek then hired another lawyer and on May 30, 1990, obtained a default judgment against appellee in excess of $40,000. A writ of fieri facias was entered on July 2, 1990, and appellee states that it was granted a temporary restraining order. On August 1, 1990, appellee, through local counsel, filed a Motion to Set Aside Default Judgment and to Enforce Settlement pursuant to

OCGA § 9-11-60 (d) (2). After a hearing, the court granted appellee's motion and ordered the case dismissed with prejudice. We do not have a transcript of the hearing in our record, and the trial court's order does not state the reasons for its decision.

Appellant's second enumeration of error, that the trial court erred in disregarding the requirements of OCGA § 9-11-60 (d) (2), is dispositive of this case. OCGA § 9-11-60 (d) (2) states that "[a] motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party *unmixed with the negligence or fault of the movant. . . .*" (Emphasis supplied.) These grounds to set aside a judgment were added to OCGA § 9-11-60 to replace the complaint in equity to set aside a judgment. See *Lee v. Henson*, 198 Ga. App. 701, 702 (402 SE2d 548) (1991). The Georgia courts have interpreted the requirements for the complaint in equity, which were identical to those currently stated in OCGA § 9-11-60 (d) (2), as disallowing a motion to set aside to a party who negligently failed to file an answer and make its defense. Such a party was barred by its own negligence from seeking a court to set aside a judgment. *Parson-Nicholson, Inc. v. Dalton Carpet &c. Co.*, 161 Ga. App. 595, 596 (289 SE2d 25) (1982). See *Richardson v. Industrial Welding &c. Supplies*, 238 Ga. 144 (2) (231 SE2d 760) (1977). In cases similar to the instant case in which the movant asserted a settlement as the reason for failing to file an answer, the courts held that when there was no act upon which the movant could place confidence that the other party would not seek a judgment, or no act that prevented the movant from presenting its defense, then the movant was barred by its own negligence from having the judgment set aside. *Collier v. Hirsch*, 218 Ga. 854, 855 (131 SE2d 105) (1963). See also *Stratton v. Bingham*, 238 Ga. 287 (232 SE2d 560) (1977); *Erwin v. Marx*, 228 Ga. 495 (3) (186 SE2d 735) (1972). Consistent with these cases, this court has recently interpreted OCGA 9-11-60 (d) (2) and has disallowed a motion to set aside to a party whose own negligence contributed to the entry of the judgment. *Northeast Atlanta Surety Co. v. State of Ga.*, 197 Ga. App. 399, 401 (398 SE2d 435) (1990). Appellee directs us to the case of *Marsh v. Northland Ins. Co.*, 242 Ga. 490 (249 SE2d 205) (1978), a lone divergence among the consistent caselaw cited herein. In *Marsh,* an insured cashed a settlement check sent by the insurance company which contained explicit language that endorsement of the check by the insured would constitute full settlement of the claim. The insured sent a dismissal to the company with instructions to mail in the dismissal with the court costs, and a warning that if the company failed to do so they would be liable for a judgment. The company returned the dismissal and demanded that the insured pay the costs and in the meanwhile neglected to file an answer to the suit. The insured took judgment and a

divided court held that the insured committed fraud, and the company was not negligent. The court emphasized that it did not establish "a general principle excusing a defendant from filing his defenses in a pending lawsuit." *Marsh*, supra at 492. The court stated that its ruling was limited to those situations "where an insured accepts a draft from his insurance company in full and final settlement, accord and satisfaction of his insurance claims, and in consideration of his promise, express or implied, to pay the costs of court and to dismiss his pending lawsuit against the insurance company." Id. We will follow the directive stated in *Marsh* and limit the case to its facts. In the instant case, contrary to *Marsh*, appellee did not receive a dismissal or seek one from appellant. Unlike *Marsh*, appellee was clearly told that appellant would seek a judgment in the case. Further, in the instant case, appellant was not aware of a check, did not itself endorse the check, and did not receive any money. *Marsh* does not control our decision herein.

Pretermitting any issue of fraud, or other acts of appellant in the instant case, the requirement of the statute that appellee be free of negligence or fault is not satisfied. During the many years that this suit was pending, appellee never filed an answer to the complaint. Despite appellee's transmittal of the check and the request for a dismissal, there is no evidence that appellee ever received any communication from appellant or Thomason regarding a dismissal, or is there any evidence that appellee pursued its request in any way. Upon receiving explicit notice from appellant that it never agreed to any settlement and a warning that appellant intended to proceed with the case, appellee still did nothing. It appears that only when appellant attempted to enforce the default judgment did appellee hire local counsel to set aside the judgment. Appellee argues that the apparent authority doctrine dictates that appellant is bound by the acts of its attorney of record, Thomason. Even if Thomason had apparent authority to settle the claim on behalf of appellant, once judgment was obtained the requirements of OCGA § 9-11-60 (d) (2) had to be met. The facts of this case do not allow us to conclude that the acts of appellant were unmixed with the negligence of appellee, and therefore we determine that the trial court erred in granting appellee's motion to set aside.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 —

*Didio & Broome, Stefano A. Didio*, for appellant.
*Freeman & Hawkins, Joe C. Freeman, Jr., Joanne B. Brown*, for

appellee.