S09A0766. RUSSELL v. ARGENT MORTGAGE COMPANY, LLC et al.

(684 SE2d 867)

HINES, Justice.

Sandra Russell ("Russell") and her husband, now deceased, executed a promissory note and security deed concerning real property in DeKalb County, Georgia, in favor of Argent Mortgage Company, LLC ("Argent") on March 29, 2004. Argent assigned its rights in the note and security deed to Ameriquest Mortgage

Company, which in turn assigned its rights to Wells Fargo Bank, NA ("Wells Fargo"); the assignment to Wells Fargo was recorded on October 28, 2005. The note went into default and a foreclosure sale was set for August 7, 2007.

On July 31, 2007, Russell filed a pro se complaint against Argent and Homeq Servicing Corporation ("Homeq"), contending that Argent failed to provide her with the agreed-upon loan funds of $323,319.70 in that the checks made for that amount "were not backed by or redeemable for their full face value in Federal Reserve Notes, coins, of lawful money of the United States"; she alleged that these defendants had committed fraud, usury, racketeering, and breach of contract, and sought $396,867.70 as compensatory damages, punitive treble damages, and requested that the court void the "mortgage note." Although Wells Fargo had begun foreclosure proceedings at the time Russell filed her complaint, she asserted no claim against Wells Fargo. On August 7, 2007, Wells Fargo foreclosed on Russell's home and its deed under power of sale was recorded on September 26, 2007.[1] On June 19, 2008, Russell amended her complaint to add Wells Fargo as a defendant, and sought to set aside the foreclosure sale and enjoin pending dispossessory proceedings.

On July 31, 2008, Argent and Homeq filed a motion to dismiss the amended complaint arguing, inter alia, that Russell was guilty of laches in waiting ten months after the foreclosure sale to assert any claim regarding the right to foreclose. The trial court granted the motion on November 20, 2008, and dismissed the complaint, as amended, with prejudice.

The trial court did not err in applying laches to Russell's claim against Wells Fargo; before Russell filed her original complaint, Wells Fargo had instituted foreclosure proceedings, yet she did not seek to enjoin the foreclosure, or obtain any other relief therefrom. Rather, she waited until ten months had passed after Wells Fargo gained title to assert any claim regarding the foreclosure. The trial court's reliance on *Lamas v. C&S Nat. Bank*, 241 Ga. 349 (245 SE2d 301) (1978), was not misplaced; Russell, as did the borrower in *Lamas*, remained silent for months after the foreclosure before seeking the aid of equity to set aside the deed. Accord *Erwin v. Marx*, 228 Ga. 495, 496 (2) (186 SE2d 735) (1972). There was no abuse of the trial court's discretion in applying the doctrine of laches to this claim. See *McGhee v. Johnson*, 268 Ga. 731, 732 (492 SE2d 893) (1997), overruled on other grounds, *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 749, n. 20 (524 SE2d 464) (1999).

Russell also asserts that, having found laches to exist on the

---

[1] Wells Fargo apparently later began dispossessory proceedings separate from this action.

foreclosure claim, the trial court should not have dismissed her complaint, as amended, in its entirety. She contends that the defense of laches applied only to her plea to set aside the foreclosure sale, and that her claims against Argent and Homeq should not have been affected. This is correct; the trial court's equitable decision that laches applied pertained only to Russell's claim against Wells Fargo regarding the foreclosure sale. The court did not address any claim against Argent or Homeq, or state any basis for applying laches to the claims against those defendants.[2] Accordingly, the judgment below is affirmed in part and reversed in part, and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Preston L. Haliburton*, for appellant.
*Johnson & Freedman, Kyle S. Kotake*, for appellees.

---

[2] Russell also contends that the court did not have the authority to apply laches regarding her claim against Wells Fargo because the motion to dismiss on the ground of laches was made by Argent and Homeq, and not Wells Fargo, at a time when Wells Fargo had not even been made a party to the suit. However, a court of equity has the power to interpose the bar of laches, OCGA § 9-3-3, and that power is not removed from the court because the party ultimately benefitting from applying laches was not the party that moved for such relief.