## 31447. RICHARDSON v. INDUSTRIAL WELDING & TOOL SUPPLIES, INC.

HILL, Justice.

Default judgment was entered against appellant Richardson on August 30, 1975, in the amount of $3,307.73. On October 17, 1975, Richardson filed a motion to set aside the judgment and a complaint in equity to set aside the judgment. The trial court temporarily restrained enforcement of the default judgment. At a hearing the court ruled inadmissible Richardson's tendered evidence of an alleged accord and satisfaction of his obligations to Industrial and his evidence that the amount of the judgment was neither an amount on account nor a liquidated amount. Richardson appeals from an order that denied his motion to set aside and vacated the temporary restraining order.

Although Industrial obtained the $3,307.73 default judgment in a suit purportedly based on account with unpaid invoice attached, it now appears from the evidence tendered that $1,372.50 of this amount was not for goods (acetylene, etc.) sold by Industrial to Richardson but was the alleged market value of 18 compressed gas cylinders which Richardson allegedly failed to return to Industrial.

At the outset it should be noted that appellant's chief complaint is that a default judgment was entered, whereas appellant contends that Industrial's claim was unliquidated. Hence, appellant's complaint is directed more at the method by which the judgment was entered than to the existence of the judgment itself.

1. A motion to set aside must be predicated upon some non-amendable defect which does appear upon the face of the record or pleadings; to be subject to motion to set aside the pleadings must affirmatively show that no claim in fact existed. Code Ann. § 81A-160 (d), as amended by Ga. L. 1974, p. 1138. The trial court did not err in overruling appellant's motion to set aside for the reason that the pleadings do not affirmatively show that no claim in fact existed nor do they affirmatively show that the damages were not liquidated.

2. A complaint in equity to set aside a judgment may be based upon fraud, accident or mistake, or acts of the adverse party unmixed with negligence or fault of the complainant. Code Ann. § 81A-160 (e). Under this Code section and its predecessors, it has been uniformly held that where a defendant negligently allows a default judgment to be entered against him, equity will not intervene to grant him relief from the judgment obtained in consequence of his negligence. *Erwin v. Marx,* 228 Ga. 495 (186 SE2d 735) (1972).

Appellant having failed to show that he was entitled to set aside the default judgment by complaint in equity, the trial court did not err for any reason enumerated.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED JANUARY 5, 1977.

*Baker & Strickland, Walter E. Baker, Jr.,* for

appellant.

*Fitzpatrick & Dana, Duross Fitzpatrick, John A. Dana,* for appellee.