## 55603. GIEGER FINANCE COMPANY v. TRAVIS et al.

BELL, Chief Judge.

This is a suit on a sales contract. In 1969, plaintiff obtained a default judgment against defendants. Subsequently, in 1976, plaintiff in an effort to seek satisfaction of its judgment brought a garnishment suit and obtained judgment against Scott Vending Co., the garnishee. In 1977, the trial court set aside the

judgments, finding that the original judgment against defendant was void because of defective service of process. The court then dismissed plaintiff's original complaint and the garnishment, reciting in its order that the debt of defendants has been discharged in bankruptcy. Plaintiff appeals. *Held:*

1. Our statute specifically states and the cases have consistently held that a judgment which is void for lack of jurisdiction of the person may be attacked at any time. CPA § 60 (f) (Code Ann. § 81A-160 (f)); *Womble v. Commercial Credit Corp.*, 231 Ga. 569 (203 SE2d 204). The equitable doctrine of laches is inapplicable as this was not a complaint in equity. Further, a default judgment entered against a party in a suit where there was no valid service of process is void, notwithstanding evidence that the defendant had actual knowledge of the suit. *Holloway v. Frey*, 130 Ga. App. 224 (202 SE2d 845).

2. Plaintiff contests the standing of the garnishee to attack the original judgment. The judgment against the defendants was void from its inception because they were not properly served with process. Therefore, the subsequent judgment against garnishee based on this void judgment was not valid. *Focht v. American Case Co.*, 103 Ga. App. 138 (118 SE2d 737). Thus the garnishee had standing to participate with defendants in this action. Under CPA § 60 (a) (Code Ann. § 81A-160 (a)), anyone who has a material interest in the validity of a judgment may attack the judgment in any court in any proceeding provided that the judgment is void on its face. *Barnes v. Continental Ins. Co.*, 231 Ga. 246 (201 SE2d 150).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 15, 1978.

*Kirby G. Bailey*, for appellant.
*Leon L. Rice, III, Charles M. Hall*, for appellees.