A89A1503. TRIPLE A DISTRIBUTION v. CARRIER REPS, USA, INC.
(387 SE2d 624)

POPE, Judge.

This suit arose out of a claim based on a contract between plaintiff Triple A Distribution (hereinafter "Triple A") and defendant Car-

rier Reps, USA, Inc. (hereinafter "Carrier") pursuant to the terms of which plaintiff was to haul by truck Southern Bell telephone directories. Plaintiff subsequently assigned the account to Advance Financial Corporation (hereinafter "Advance Financial"), a factoring company. A dispute arose when defendant refused to pay certain charges relating to the pulling of empty trailers from the distribution sites back to the printing facility. Following negotiations, defendant sent a check for less than the requested amount to Advance Financial. According to the trial court's order, the check had the following language typed on the back: "WITH ENDORSEMENT THIS ACKNOWLEDGES PAYMENT IN FULL OF ALL INVOICES AND INDEBTED-NESS." A copy of the check, as well as various documents attached to it, were forwarded to plaintiff. The check was negotiated by Advance Financial. Approximately one year later plaintiff initiated the present action against defendant seeking in excess of $10,000 for monies it alleged were still owed under the terms of the contract. The trial court found that there had been an accord and satisfaction of the debt owed and entered judgment in favor of the defendant.

1. Plaintiff first argues that the defendant failed to prove its defense of accord and satisfaction. Although plaintiff did not include a transcript of the proceedings below, the trial court's order clearly states that, pursuant to the agreement of the parties, the court considered the case only on the limited issue of accord and satisfaction, and that the parties presented testimony by their representatives, introduced documentary evidence and presented argument to the court on this issue. Because of plaintiff's failure to have prepared a transcript of these proceedings, it is impossible for us to address its specific arguments about what was and was not proved in regard to defendant's accord and satisfaction defense. "The burden is upon the appellant to demonstrate error affirmatively from the record. In the absence of a transcript, it is presumed the evidence was sufficient to support the judgment." (Punctuation and citation omitted.) *Georgia Hospitality &c. v. Harrison Advertising*, 181 Ga. App. 163 (351 SE2d 489) (1986). See also *Lawson v. Watkins*, 188 Ga. App. 245, 246 (372 SE2d 830) (1988).

2. Plaintiff also contends the trial court acted in excess of its authority by ordering plaintiff's counsel to pay attorney fees to defendant for its counsel's time in preparing a proposed pre-trial order after plaintiff's counsel failed to prepare a pre-trial order despite being ordered to do so by the trial court. Uniform Superior Court Rule 7.1 provides, in relevant part, as follows: "Failure of counsel to appear at the pre-trial conference without legal excuse or to present a proposed pre-trial order shall authorize the court to remove the action from any trial calendar, enter such pre-trial order as the court shall deem appropriate, *or impose any other appropriate sanction*, except dismis-

sal of the action with prejudice." (Emphasis supplied.) Although no transcript of the hearing on defendant's motion for sanctions is included in the record, it appears from the trial court's order awarding sanctions that plaintiff's counsel stated that except for his work load he had "no excuse" for failing to submit a pre-trial order and that he acknowledged that defendant's attorney had made several unsuccessful attempts to contact him on this matter. Under these circumstances and pursuant to the broad discretion granted the trial court by the plain and unambiguous language contained in Uniform Rule 7.1, we agree that the award of attorney fees to be paid by plaintiff's counsel to defendant was authorized and the trial court did not abuse its discretion in so ordering.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 31, 1989.

*Fowler, Hein & Daum, Douglas R. Daum,* for appellant.
*T. Jackson Bedford, Jr.,* for appellee.