## A93A1161. WRIGHT et al. v. ARCHER.
### (436 SE2d 775)

JOHNSON, Judge.

The Wrights filed an action against Archer for injuries allegedly sustained in an automobile collision. At the request of the Wrights' attorney, the case was placed on the trial calendar only two months after the complaint was filed. By letter to the clerk's office, Archer's counsel objected to the case being placed on the trial calendar because the discovery period had not yet expired. Archer's counsel also contacted the clerk's office by telephone and was told that the case was expected to be taken off the calendar. The case was not taken off the trial calendar, however, and when Archer failed to appear for trial as scheduled, the Wrights made a motion to strike Archer's answer and for judgment by default. The trial court granted the motions and entered judgment against Archer. The record is silent as to precisely how and when Archer was notified that the judgment had been entered against him. Archer's counsel told the court that he received notice in November 1991, that a fi. fa. had been entered on September 30, 1991. Several weeks after the term of court ended, Archer filed a motion to set aside the judgment based upon his belief that the case had been taken off the calendar. In granting Archer's motion to set aside the judgment after hearing evidence and arguments, the trial court found that the court's own office staff and the clerk's office staff may have shared the responsibility for Archer's mistaken belief that the case had been removed from the calendar. The judgment having been vacated and set aside, the case proceeded to trial and resulted in

a jury verdict in favor of Archer. The Wrights appeal from the grant of Archer's motion to set aside the judgment.

1. The Wrights contend that the trial court erred in granting Archer's motion because Archer's own negligence contributed to the judgment being entered against him. We disagree.

A judgment may be set aside where there is fraud, accident or mistake or the acts of the adverse party unmixed with negligence or fault of the movant. OCGA § 9-11-60 (d) (2). Having heard evidence and argument on the issue, the trial judge found that the court's own staff and the clerk's office staff may have shared responsibility for Archer's failure to appear. The court did not find Archer negligent in any particular. In a motion to set aside a judgment, the trial court sits as the trier of fact. See *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983). An appellate court will not interfere with a finding of fact by the trial judge if there is any evidence to support it. Id. There is no transcript of the hearing and evidence presented in support of the motion to set aside judgment. In the absence of a transcript, we must presume there is evidence to support the trial court's finding that Archer's failure to appear for the trial was due to a mistake. We must further presume that there is evidence to support the trial court's assessment that its own office staff and the clerk's office staff may well have shared responsibility for the mistake. We must further presume that the trial court would have made a finding that Archer was negligent and that his negligence contributed to the events leading to the judgment being entered against him if there was evidence to support such a finding. See *Hamm v. Willis*, 201 Ga. App. 723 (411 SE2d 771) (1991); *Triple A Distrib. v. Carrier Reps, USA*, 193 Ga. App. 348, 349 (1) (387 SE2d 624) (1989). We will not disturb the trial court's finding on that issue.

2. The Wrights also argue that the court erred in setting aside a judgment when the motion was filed several weeks after the end of the term in which the judgment was entered. This contention is without merit.

It has long been the rule in Georgia that a motion to set aside a judgment based upon lack of jurisdiction or because a non-amendable defect is apparent on the face of the record can be filed outside of the court term in which the judgment was rendered. *Smyrna Marine v. Stocks*, 172 Ga. App. 426 (1) (323 SE2d 286) (1984); *Gieger Finance Co. v. Travis*, 146 Ga. App. 224, 225 (1) (246 SE2d 132) (1978). In 1986, OCGA § 9-11-60 was amended to include fraud, accident or mistake as legal grounds for setting aside a judgment. Prior to the amendments to OCGA § 9-11-60, one could accomplish the same result by filing an action in equity to set aside the judgment. At the same time the amendment authorized judges to set aside judgments for fraud, accident, or mistake, it abolished the right to use a com-

plaint in equity for this purpose. The language of the amendments makes it clear that in adding these grounds to the statute, the legislature intended to give these formerly equitable grounds the same legal effect as the other statutory grounds. Thus, as amended, OCGA § 9-11-60 makes no distinction between fraud, accident, mistake, lack of jurisdiction, or a non-amendable defect as grounds for setting aside a judgment. Therefore, we hold that a motion to set aside a judgment based upon fraud, accident, or mistake may also be properly considered and granted outside of the term in which the judgment was rendered.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 21, 1993.

*Rand & Ezor, Samuel S. Olens, Richard Kopelman*, for appellants.

*Sidney L. Moore, Jr.*, for appellee.