A98A1208. LEE v. RESTAURANT MANAGEMENT SERVICES.
(503 SE2d 59)

ELDRIDGE, Judge.

On September 23, 1996, Charles Lee filed a complaint in the Superior Court of Bibb County against Restaurant Management Services d/b/a Shoney's Restaurant ("RMS"), seeking damages for injuries Lee allegedly sustained after swallowing a tainted bandage that was in a bowl of soup he was eating at Shoney's. Lee obtained a default judgment on November 19, 1996, when RMS failed to answer his complaint.

RMS filed a motion to set aside the default judgment on Decem-

ber 2, 1996. Attached to the motion was an affidavit from RMS' insurance administrator who testified that she faxed Lee's complaint to their insurance company; that this procedure is the one she "customarily" follows "regarding claims and suits of this type set forth in the captioned action"; that the insurance company had never failed to hire counsel to file an answer on behalf of RMS in any suit she had forwarded to them; and that RMS had no reason to believe that the insurance company had not caused an answer to be filed in this case. Apparently, RMS did not determine whether the fax transmission reached its insurance agent or whether an answer was filed in this case.

Four days later, on December 6, 1996, the trial court granted RMS' motion to set aside based upon the contents of the affidavit. The trial court grounded its actions upon its "inherent power" to reverse, correct, revoke, modify, or vacate a judgment within the term of court that such judgment was rendered; the trial court determined that, based upon OCGA § 9-11-60 (d) (2), RMS' failure to answer Lee's complaint in a timely manner "was due to mistake unmixed with negligence or fault on Defendant's [RMS'] part." Lee requested a certificate of immediate appellate review, which request was refused by the trial court. The case went to trial, and a verdict was returned for the defendant. *Held*:

1. The judgment at issue was rendered in November 1996. A new term of court began in Bibb County on December 2, 1996. OCGA § 15-6-3 (23) (A). Accordingly, the trial court set aside its judgment outside the term of court in which it was issued, and the trial court's decision to set aside its judgment was not simply an "exercise of sound discretion" as to a judgment still in the "breast of the court." See *Piggly Wiggly v. McCook*, 216 Ga. App. 335 (454 SE2d 203) (1995). The general rule is that after expiration of the term at which a judgment is entered, it is out of the power of the court to modify and revise the judgment in any matter of substance or in any matter affecting the merits.[1]

However, in *Wright v. Archer*, 210 Ga. App. 607 (436 SE2d 775) (1993), we permitted a default judgment to be set aside *outside* the term of court in which it was entered when the limited requirements of OCGA § 9-11-60 (d) (2) were met. Thus, herein we examine whether the trial court correctly applied the specific criteria of that Code section in setting aside the instant default judgment.

2. Prior to 1986, OCGA § 9-11-60 provided for the "Complaint in equity" in which a judgment from any of this State's courts of law

---

[1] *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489) (1971); *Gobles v. Hayes*, 194 Ga. 297, 300 (21 SE2d 624) (1942); *Pledger v. State*, 193 Ga. App. 588 (388 SE2d 425) (1989); *Adams Drive, Ltd. v. All-Rite Trades*, 136 Ga. App. 703 (222 SE2d 174) (1975); compare *Young Constr. v. Old Hickory House #3*, 210 Ga. App. 559 (436 SE2d 581) (1993).

could be set aside in a court of equity (superior court) "for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." OCGA § 9-11-60 (e); see Ga. L. 1986, p. 295. The old statute also provided an avenue in a court of law for a "Motion to set aside," but that vehicle was narrowly construed and related only to non-amendable defects appearing on the face of the record, lack of jurisdiction (subject matter or personal), or an affirmative showing that no claim in fact existed. Id.; OCGA § 9-11-60 (d).

In 1986, however, the legislature amended OCGA § 9-11-60 specifically to eliminate the "Complaint in equity" and its related equitable measures for setting aside judgments.[2] Ga. L. 1986, p. 294. The equitable notions of "fraud, accident, or mistake unmixed with the negligence or fault of the complainant" were added to the "Motion to set aside" remedy at law. OCGA § 9-11-60 (d) (2). Thus, a party no longer had to file separately in a court of equity in order to challenge a judgment from a court of law based upon "fraud, accident, or mistake." The venue remained the same; judicial economy was served.

However, through the legislature's actions, formerly separate, "equitable" measures were necessarily integrated with remedies at "law." As a consequence, while recognizing that a "Motion to set aside" pursuant to OCGA § 9-11-60 (d) (2) is ostensibly a remedy at law, this Court has utilized the many years of precedent established through requests in equity to set aside a judgment based upon "fraud, accident, or mistake."[3] Included therein are traditional equitable concepts such as "[i]f a party, by reasonable diligence, could have had knowledge of the truth, equity shall not grant relief." OCGA § 23-2-29. In fact, such concept is embodied in that portion of OCGA § 9-11-60 (d) (2) which proscribes any "negligence" or "fault" on the part of the complainant. See, e.g., *Richardson v. Indus. Welding &c. Supplies*, 238 Ga. 144 (231 SE2d 760) (1977); *Hurt Building v. Atlanta Trust Co.*, 181 Ga. 274 (182 SE 187) (1935). Accordingly, we necessarily examine this "remedy at law" in "equitable terms."

Here, Lee claims the trial court abused its discretion in granting RMS' motion to set aside the default judgment pursuant to OCGA § 9-11-60 (d) (2), because RMS was negligent in failing to ensure that an answer was filed on its behalf. We are constrained to agree. The essence of the "mistake" alleged by RMS is that it relied upon its insurance agent to handle the matter. This assertion of "mistake" is simply insufficient to support setting aside an otherwise valid judgment at law.

---

[2] OCGA §§ 23-2-1; 9-3-21.
[3] See, e.g., *Marsh v. Way*, 256 Ga. 46 (343 SE2d 686) (1986); *Shilliday v. Dunaway*, 220 Ga. App. 406 (469 SE2d 485) (1996); *Fulton v. State of Ga.*, 183 Ga. App. 570, 572 (359 SE2d 726) (1987); *Bagwell v. Parker*, 182 Ga. App. 313, 315 (355 SE2d 463) (1987).

"One who has obtained a judgment at law according to the prescribed method [Lee], and who is not chargeable with any conduct which would amount to fraud or imposition upon the adverse party in relation to the judgment, will not be interfered with by a court of equity for the mere reason that a stranger[4] perpetrated a fraud [or mistake] which prevented the other party to the judgment from interposing a defense. The remedy of the party who is the victim of such fraud [or mistake] at the hand of a stranger to the plaintiff is not by resort to a court of equity to have the judgment set aside, but by seeking proper redress against him who perpetrated the fraud [or mistake]." (Citations, punctuation and emphasis omitted.) *Bagwell v. Parker*, supra at 315; *Shilliday v. Dunaway*, supra at 407-408. Accordingly, the trial court erred in granting the motion to set aside Lee's default judgment pursuant to OCGA § 9-11-60 (d) (2), and RMS' proper remedy is to seek redress against its insurer. *Bagwell v. Parker*, supra at 315.

Further, RMS' actions did not demonstrate "reasonable diligence" in addressing Lee's complaint. *Shilliday v. Dunaway*, supra at 408; OCGA § 23-2-29. Even a modest follow-up might have uncovered the insurer's failure to answer Lee's complaint and the reason why, which reason has still not been revealed. However, such was not done. Based on the record herein, there is no evidence that the "fault" for this "mistake" lies with anyone other than the named party to the litigation, i.e., RMS, who is charged under the law with the responsibility to ensure that an answer to the complaint was filed. Accordingly, the trial court erred in granting the motion to set aside Lee's default judgment pursuant to OCGA § 9-11-60 (d) (2), because the alleged mistake is not "unmixed with the negligence or fault" of RMS in failing to interpose a defense to Lee's suit.

3. Our decision in Division 2 renders Lee's other enumerations of error moot.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 4, 1998 —
RECONSIDERATION DENIED JUNE 17, 1998 — 

*John T. McKnight*, for appellant.
*Jones, Cork & Miller, Jerry A. Lumley, Alan G. Snipes*, for appellee.

---

[4] A "stranger" in the legal sense is a non-party to the suit. *Shilliday v. Dunaway*, supra at 408, n. 2.