## A99A1494. MITCHELL v. SPEERING.
### (521 SE2d 419)

RUFFIN, Judge.

Sharon Mitchell sued Mabry Kathryn Speering in the Civil Court of Richmond County for causing a three-vehicle collision. After Speering failed to respond to Mitchell's complaint, the trial court entered a $20,000 default judgment. More than three and a half months later, the court granted Speering's motion to set aside the default judgment, finding a proper case for doing so under OCGA § 9-11-60. For reasons that follow, we reverse.

After settlement negotiations floundered, Mitchell filed suit against Speering. Mitchell's counsel sent a copy of the complaint by certified mail to Allstate Insurance Company ("Allstate"), and the return receipt bears the date of June 8, 1998. Allstate then forwarded the file to its counsel, who received it the next day. Service, however, was not perfected on Speering until August 15, 1998, when Speering personally accepted service. The process server's affidavit was file stamped by the clerk's office on August 24. After no response was forthcoming from Speering, Mitchell obtained judgment by default on October 5. The order recited that the court tried the issue of damages without a jury and it awarded $20,000 to Mitchell.

Nearly two months later, on December 2, Speering moved to set aside the judgment. In support of this motion, Speering offered no evidence of fraud or accident but instead relied solely on a single affidavit from the legal assistant of defense counsel, which blamed the clerk's office for providing misinformation about service. The legal assistant averred that she had checked with the clerk's office on seven different dates spanning from June 16 to October 22 and had been advised each time that service had not been perfected. Yet, for none of those dates did the legal assistant identify any employee of the clerk's office by a complete name or provide any specific details. Instead, the affidavit simply recited, "[o]n [each of certain dates] Affiant telephoned the Clerk's office and was informed that service had not been perfected on the Defendant."[1]

---

[1] To controvert the occurrence of any alleged mistake, Mitchell offered an affidavit from

After accepting service of the complaint, Speering testified that she did absolutely nothing about the suit. When asked in her deposition, "[w]hat did you do with [the pleadings]?" she responded, "[a]ctually, they kind of got under my pile of things to do and I didn't get back to them." She admitted that she did not contact Allstate or an attorney or anyone else after being served with the complaint. Speering also affirmed that after June 1, 1998, Allstate never telephoned or corresponded with her concerning the automobile accident or about service of the complaint.

In an order filed January 27, 1999, the trial court set aside the October 5 default judgment. The court found that

> defense counsel's office justifiably relied upon verbal communications with personnel in the Clerk's office regarding the status of service of process. During these communications, an error occurred which may have contributed to the failure to file a timely answer.

In her sole enumeration of error, Mitchell contends that the trial court erred in setting aside the judgment because Speering's own negligence contributed to the entry of judgment. We agree.

After the expiration of the term of court in which a default judgment is entered, the discretion of the court in setting aside the judgment is limited to the criteria set forth in OCGA § 9-11-60.[2] See *Lee v. Restaurant Mgmt. Svcs.*, 232 Ga. App. 902, 903 (1) (503 SE2d 59) (1998). Thus, this default judgment could be set aside only if the provisions of OCGA § 9-11-60 were satisfied. See *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583) (1983). Under subsection (d) (2), a judgment may be set aside where that judgment was procured on the basis of "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." OCGA § 9-11-60 (d) (2). But where there is any negligence or fault on the part of the movant, this section is inapplicable. *Richardson v. Indus. Welding &c.*, 238 Ga. 144, 145 (2) (231 SE2d 760) (1977); *First Dixie Properties v. Chrysler Corp.*, 202 Ga. App. 145, 146-147 (413 SE2d 464) (1991). A mistake on the part of a movant does not afford a basis for relief under OCGA § 9-11-60 (d) (2). *Smith v. Manns*, 200 Ga. App.

---

the Clerk of the Civil Court, Vera Butler. Butler testified that the affidavit showing service on Speering "was properly filed and an entry was made on the Bench Execution Docket." Butler averred that had a call been placed, as claimed, "in which the captioned case was properly identified, then the caller would have been told of the entry of service on the Bench Execution Docket of the Clerk's office."

[2] Speering did not controvert Mitchell's statement of fact that the term of court in which judgment was entered had expired. Thus, we accept this statement of fact as true. See Court of Appeals Rule 27 (b) (1).

701, 703 (1) (b) (409 SE2d 270) (1991).

Even assuming arguendo that the legal assistant's affidavit constituted admissible evidence, such evidence would not negate Speering's admission on deposition that she did nothing after being served with the complaint. See *Hassell v. First Nat. Bank of Newton County*, 218 Ga. App. 231, 234 (2) (461 SE2d 245) (1995); *Moore v. State*, 154 Ga. App. 535 (268 SE2d 706) (1980). Even if the clerk's office had misinformed the office of Speering's counsel that service had not been perfected, this "mistake" would not justify setting aside the judgment because it was not unmixed with the negligence or fault of Speering, who failed to take any action in response to the complaint and whose counsel did not check with her to see whether she had been served. See *Aycock v. Hughes*, 189 Ga. App. 838 (1) (377 SE2d 689) (1989). Accordingly, the trial court abused its discretion in setting aside the judgment. *Lee*, supra.

Notwithstanding Speering's claim to the contrary, *Wright v. Archer*, 210 Ga. App. 607, 608 (1) (436 SE2d 775) (1993) neither demands nor authorizes a different result. In *Wright*, we presumed that the trial court's factual findings were correct because no evidence or transcript had been provided for appellate review. Id. Whereas here, Speering's undisputed deposition testimony attests to fault on her part. Because the mistake asserted was not unmixed with the negligence or fault of Speering, we reverse. See *Northeast Atlanta Surety Co. v. State of Ga.*, 197 Ga. App. 399, 401-402 (398 SE2d 435) (1990).

*Judgment reversed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 29, 1999.

*Bell & Bell, David B. Bell, Sharon B. Enoch*, for appellant.
*Thompson & Smith, Larry I. Smith*, for appellee.