A99A1917. GEORGIA RECEIVABLES, INC. v. MURRAY.
(524 SE2d 518)

McMURRAY, Presiding Judge.

Georgia Receivables (plaintiff) brought a breach of contract action against Dorothy Murray (defendant) in the Superior Court of Richmond County. After defendant failed to respond to plaintiff's complaint, the trial court entered a default judgment on December 10, 1998, during the November 1998 term of the Superior Court of Richmond County.[1] On February 12, 1999, the trial court entered an order setting aside this default judgment, finding that the contract which is the subject of plaintiff's complaint had been cancelled. The trial court later entered a final judgment dismissing plaintiff's complaint, and this appeal followed. *Held*:

Plaintiff contends the trial court erred in setting aside the default judgment based on the merits of its claim against defendant. We agree.

A trial court may exercise discretion in setting aside a default judgment within the same term of court. *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 337 (1) (454 SE2d 203). But after expiration of the term of court in which a default judgment is entered, the

---

[1] OCGA § 15-6-19 provides that the regular terms of the superior courts shall continue until the commencement of the next regular court term. The November term of the Richmond County Superior Court began on November 9, 1998, and adjourned on January 11, 1999. OCGA § 15-6-3 (5) (C).

trial court's discretion in setting aside the default judgment is limited to the criteria set forth in OCGA § 9-11-60 (d). See *Mitchell v. Speering*, 239 Ga. App. 472, 473 (521 SE2d 419). This Code subsection provides:

> A motion to set aside may be brought to set aside a judgment based upon: (1) [l]ack of jurisdiction over the person or the subject matter; (2) [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) [a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

OCGA § 9-11-60 (d).

The record shows that the trial court did not consider these criteria in the case sub judice. It thus follows that, since the order setting aside the default judgment was entered outside the term of court in which the judgment was entered, the trial court erred in granting defendant's motion to set aside the default judgment. *Mitchell v. Speering*, 239 Ga. App. at 473, supra. Compare *Wright v. Archer*, 210 Ga. App. 607 (436 SE2d 775).

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 3, 1999.

*Frederick J. Hanna & Associates, Elizabeth C. Whealler*, for appellant.

*Nimmons & Malchow, Ken M. Nimmons*, for appellee.

