**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., PIPKIN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 10, 2023**

# In the Court of Appeals of Georgia

A22A1655. BURCH v. MARTA et al.

MILLER, Presiding Judge.

In this civil dispute, Chelsea Burch filed a negligence action against the Metropolitan Atlanta Rapid Transit Authority and Tondra Hill-Carter (collectively "MARTA"), and others, after she sustained injuries while riding a MARTA bus that was involved in a vehicle collision. Burch appeals from the trial court's order denying her motion to set aside the final order granting summary judgment to MARTA. On appeal, Burch argues that the trial court erred by denying her motion to set aside the order granting summary judgment because (1) she never received a copy of MARTA's motion for summary judgment and the supporting documents; and (2) the trial court failed to conduct an analysis under OCGA § 9-11-5 (f) to determine whether MARTA properly effectuated service of the pleadings. For the reasons that

follow, we affirm the trial court's order denying Burch's motion to set aside the final order granting summary judgment.

"A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion. And a trial court's ruling on a motion to set aside a judgment will be affirmed if there is any evidence to support it." (Citations and punctuation omitted.) *Smith v. Parks Hotels & Resorts, Inc.*, 364 Ga. App. 192, 196 (874 SE2d 383) (2022).

According to Burch's complaint, on August 1, 2019, Burch was a passenger on a MARTA bus when the bus crashed into a Georgia Department of Public Safety ("DPS") patrol vehicle. Burch filed the instant negligence suit against MARTA, Hill-Carter (the driver of the bus), DPS and Matthew Kiker (the driver of the DPS patrol vehicle),[1] alleging that she sustained "serious bodily injuries" during the crash. Burch's complaint was electronically filed using the email address for her counsel's office manager, which is the firm's primary service contact email for filings made on Georgia's Odyssey electronic filing system.[2] On May 13, 2021, the trial court issued

[1] DPS and Kiker collectively filed a motion to dismiss based on sovereign immunity, which the trial court granted. They are not parties to this appeal.

[2] The signature block on the complaint lists the email address of the attorney handling Burch's case.

2

a case management order instructing the parties that "all dispositive motions shall be filed no later than December 3, 2021[,]" and that a hearing on dispositive motions, if requested, will be held the week of February 7, 2022." On November 24, 2021, MARTA filed a motion for summary judgment, arguing that no genuine issues of material fact remained on Burch's claims. Burch did not respond to the motion. On March 2, 2022, the trial court entered a final order granting MARTA's motion for summary judgment, concluding that no genuine issues of material remained on Burch's claims and that her claims failed as a matter of law.

On March 4, 2022, Burch filed a motion to set aside the final order granting MARTA's motion for summary judgment and requesting that she be permitted to respond to MARTA's motion for summary judgment. In the motion, Burch contended that her counsel did not receive a copy of MARTA's motion for summary judgment and its exhibits and that, notwithstanding MARTA's certificate of service on the summary judgment motion, the motion was not received by anyone in her counsel's office.

In response to the motion, MARTA argued that Burch's counsel had used the Odyssey system since the case first began and that its motion for summary judgment and supporting documents were served electronically at the same email address that

3

Burch used to file her complaint. MARTA further contended that Burch's counsel did not have any prior issues receiving documents at the same email address used to file the complaint and that Burch's counsel did, in fact, receive its motion for summary judgment on December 1, 2021, but counsel failed to open the email. In support of this contention, MARTA attached a "chat transcript" between its counsel and an individual from the Office of the Clerk of Superior and Magistrate Court, reflecting that MARTA's motion was served on Burch's counsel and that Burch's counsel did not open the email containing the motion for summary judgment and the exhibits. MARTA also attached an "envelope receipt" from the Odyssey system showing that Burch's counsel was served with the motion for summary judgment, but the email was not opened.

In reply, Burch contended that, although MARTA's evidence did not show that she received the motion for summary judgment, counsel did not open the email because counsel's office manager, to whom the Odyssey email had been assigned, was on maternity leave from November 1, 2021 to February 14, 2022.[3] Burch further contended that counsel's office manager had an "away message" on her email stating,

---

[3] At the hearing on the motion to set aside, Burch's counsel admitted that his email address was not listed in the Odyssey system as a service contact.

"I am currently out of the office on maternity leave. If you need immediate assistance during my absence, please contract [sic] Emmanuel Lopez at elopez@calvinsmithlaw.com." Emmanuel Lopez averred that he did not receive a copy of MARTA's pleadings at his email address. Following a hearing, the trial court summarily denied Burch's motion to set aside the final order granting summary judgment to MARTA, and we granted Burch's application for discretionary appeal.

In two related enumerations of error, Burch argues that (1) the trial court erred by denying her motion to set aside the final order granting summary judgment to MARTA because she did not receive a copy of MARTA's motion for summary judgment and the supporting documents, and (2) the trial court failed to conduct an analysis under OCGA § 9-11-5 (f) to determine whether MARTA properly effectuated service of the pleadings. We conclude that Burch has failed to show that the trial court manifestly abused its discretion by failing to set aside the final order granting summary judgment to MARTA and that the trial court did not err by failing to conduct an analysis under OCGA § 9-11-5 (f) prior to denying the motion to set aside.

(a) First, as to Burch's claim that the trial court erred by failing to set aside the final order granting summary judgment, OCGA § 9-11-60 (d) provides that a motion

to set aside a judgment may be based upon "(1) [l]ack of jurisdiction over the person or the subject matter; (2) [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) [a] nonamendable defect which appears upon the face of the record or pleadings." OCGA § 9-11-60 (d) (1) - (3). Here, Burch focuses her argument on OCGA § 9-11-60 (d) (2) and argues that she mistakenly did not respond to MARTA's motion for summary judgment because the Odyssey filing system did not receive the notification about the office manager's away message and that the system was not able to forward MARTA's motion to Lopez's email address. Under OCGA § 9-11-60 (d) (2), however, our analysis must focus on whether the mistake was made by *the adverse party*, which in this case is MARTA, and if so, whether the mistake was unmixed with negligence by the movant, which is Burch. See, e.g., *Principal Lien Svcs., LLC v. NAH Corp.*, 346 Ga. App. 277, 282-283 (3) (814 SE2d 4) (2018) (stating that in order to determine whether the defendant was entitled to have the default judgment set aside, the court must first determine whether the judgment was based upon fraud, accident, mistake, or the acts of the plaintiff, and if so, whether the act or mistake of the plaintiff was unmixed with any negligence on the part of the defendant) (citation omitted).

6

Here, Burch has failed to show that the judgment was based upon a mistake made by MARTA. The record shows that MARTA did, in fact, electronically serve Burch with its motion for summary judgment and its corresponding exhibits at the email address that Burch provided in the Odyssey system. Specifically, MARTA provided documentation showing that its motion and corresponding exhibits were delivered electronically to Burch's counsel at the email address Burch provided to the Odyssey system on December 1, 2021, but Burch's counsel did not open the email. Although Burch later contended that her counsel did not open the email because counsel's office manager was on maternity leave and the Odyssey system did not forward the office manager's away message to MARTA, this argument is misguided because Burch was required to show that the mistake, *if any*, was made by *MARTA*.

Furthermore, Burch has also failed to show that the alleged mistake was unmixed with any negligence on her part. The record shows that on May 13, 2021, the trial court issued a case management order instructing the parties that all dispositive motions were to be filed no later than December 3, 2021. Thus, Burch was on notice since May 2021, long before the office manager's maternity leave began in November 2021, that a dispositive motion could be filed during the time period that the office manager would be on maternity leave. Nonetheless, counsel failed to make

7

the proper arrangements to ensure that all pleadings and other documents would be tended to during that time. Indeed, Burch's counsel admitted at the hearing that his email address was not listed or substituted in the Odyssey system as a service contact in place of the office manager, and there is no evidence in the record to show that Burch's counsel designated anyone else other than the office manager as a service contact in the Odyssey system while the office manager was out on maternity leave. Finally, we note that Georgia law places the responsibility on the "person to be served" to "provid[e] notice of any change in his or her email address." OCGA § 9-11-5 (f) (3). Thus, even if MARTA had made a mistake, Burch still cannot show that the mistake was unmixed with any negligence on her part. See *Winslett v. Guthrie*, 326 Ga. App. 747, 750 (3) (a) (755 SE2d 287) (2014) (holding that the defendant failed to show the default judgment should be set aside under 9-11-60 (d) (2) because, even if the plaintiff had made a mistake in prosecuting his lawsuit, the defendant was properly served with the complaint and the defendant was "charged under the law with the responsibility to ensure that an answer to the complaint was filed.") (citation omitted); *Lee v. Restaurant Mgmt. Svcs.*, 232 Ga. App. 902, 904 (2) (503 SE2d 59) (1998) (holding that the restaurant company was not entitled to have the default judgment set aside under OCGA § 9-11-60 (d) (2) based on its insurance carrier's

8

mistake of failing to file its answer, because there was "no evidence that the 'fault' for th[e] 'mistake' [lay] with anyone other than the named party to the litigation," and the alleged mistake was not "unmixed with negligence or fault" of the defendant in failing to timely respond to the complaint). See also OCGA § 9-11-5 (f) (4) ("When an attorney files a pleading in a case via an electronic filing service provider, such attorney shall be deemed to have consented to be served electronically with future pleadings for such case at the primary email address on record with the electronic filing service provider."). Consequently, Burch has failed to show that the trial court manifestly abused its discretion under OCGA § 9-11-60 (d) (2) by failing to set aside the final order granting summary judgment to MARTA.[4]

(b) Second, we reject Burch's claim that the trial court erred by denying her motion to set aside the final order without conducting an analysis under OCGA § 9-

[4] To the extent Burch argues that the trial court failed to set aside the final order under OCGA § 9-11-60 (h), Burch did not raise this argument below in her motion to set aside, her reply to MARTA's brief in opposition, or at the hearing below. Accordingly, this issue was not preserved for appellate review and we therefore decline to address it. See *Champion Windows of Chattanooga, LLC v. Edwards*, 326 Ga. App. 232, 242 (2) n.9 (756 SE2d 314) (2014) ("Issues and objections not raised in the trial court and ruled on by the trial court are deemed waived and cannot be raised for the first time on appeal.") (citation omitted).

11-5 (f) to determine whether she received the motion for summary judgment and the corresponding exhibits.

OCGA § 9-11-5 (f) (5) simply states:

If electronic service of a pleading is made upon a person to be served, and such person certifies to the court under oath that he or she did not receive such pleading, it shall be presumed that such pleading was not received unless the serving party disputes the assertion of nonservice, *in which case the court shall decide the issue of service of such pleading*.

(Emphasis supplied.) Thus, to the extent Burch argues that the trial court was required to make written findings of fact and conclusions of law regarding whether service was effectuated under OCGA § 9-11-5 (f), there is no language in the statute to support that argument. See *Birchby v. Carboy*, 311 Ga. App. 538, 541 (4) (716 SE2d 592) (2011) (trial court did not err by failing to include findings of fact and conclusions of law in its final order because it was not required by the applicable statute). Instead, all that is required under OCGA § 9-11-5 (f) is for the trial court to *decide* the issue of service. As recounted above, in support of her motion to set aside, Burch certified under oath that she did not receive MARTA's motion for summary judgment and corresponding exhibits, that the Odyssey system did not process the

10

office manager's away message, and that the Odyssey system did not forward the email containing MARTA's motion to Lopez. The trial court held a hearing where both parties presented evidence and arguments pertaining to service of the documents, and it ultimately entered an order denying Burch's motion to set aside. Hence, in denying Burch's motion to set aside, the trial court implicitly ruled on the issue of service, which was the basis of Burch's motion. See *Smith v. Henry*, 276 Ga. App. 831, 832 (1) n.3 (625 SE2d 93) (2005) (holding that the trial court "implicitly ruled" on an issue because it was raised in a motion for summary judgment and was argued at the hearing on the motion, and the trial court ultimately denied the motion for summary judgment). And, for the reasons stated above in Division (a), supra, the trial court did not manifestly abuse its discretion in denying Burch's motion to set aside.

Accordingly, for the reasons stated above, we affirm the trial court's order denying Burch's motion to set aside the final order granting summary judgment to MARTA.

*Judgment affirmed. Rickman, C. J., and Pipkin, J., concur.*