# Court of Appeals
# of the State of Georgia

ATLANTA,  June 03, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1825. PROGRESSIVE EXPRESS INSURANCE COMPANY v. GEORGE A. MASK.**

In October 2024, the Gwinnett County State Court entered a default judgment against Progressive Express Insurance Company in this civil action. In January 2025 — after the term of court in which the default judgment was entered had expired — Progressive Express filed a motion to open default. See Ga. L. 2006, pp. 4523, 4523-4524, § 1 (Gwinnett County State Court terms begin on the first Mondays in March, June, and December, and the second Monday in September). Given the default judgment and the timing of the motion, the trial court necessarily construed the motion as seeking to set aside a default judgment under OCGA § 9-11-60 (d), which the court then denied. See *Ga. Receivables v. Murray*, 240 Ga. App. 676, 676-677 (524 SE2d 518) (1999) (while a trial court may exercise discretion in setting aside a default judgment within the same term of court, after the term of court in which a default judgment is entered has expired, the court's discretion in setting aside the default judgment is limited to the grounds listed in OCGA § 9-11-60 (d)). Progressive Express then filed this direct appeal. We lack jurisdiction.

"[T]he denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Progressive

Express's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/03/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*