# Court of Appeals
# of the State of Georgia

ATLANTA, July 30, 2025

*The Court of Appeals hereby passes the following order:*

### A25D0487. PROGRESSIVE EXPRESS INSURANCE COMPANY v. GEORGE A. MASK.

In October 2024, the Gwinnett County State Court entered a default judgment against Progressive Express Insurance Company in this civil action. In January 2025 — after the term of court in which the default judgment was entered had expired — Progressive Express filed a motion to open default. See Ga. L. 2006, pp. 4523, 4523-4524, § 1 (Gwinnett County State Court terms begin on the first Mondays in March, June, and December, and the second Monday in September). Given the default judgment and the timing of the motion, the trial court necessarily construed the motion as seeking to set aside a default judgment under OCGA § 9-11-60 (d), which the court then denied on April 2, 2025. See *Ga. Receivables v. Murray*, 240 Ga. App. 676, 676-677 (524 SE2d 518) (1999) (while a trial court may exercise discretion in setting aside a default judgment within the same term of court, after the term of court in which a default judgment is entered has expired, the court's discretion in setting aside the default judgment is limited to the grounds listed in OCGA § 9-11-60 (d)). On May 2, 2025, Progressive Express filed a direct appeal, which we dismissed for lack of jurisdiction because Progressive Express failed to comply with the discretionary review requirements under OCGA § 5-6-35 (a) (8) and (b). *Progressive Express Ins. Co. v. Mask*, Case No. A25A1825 (June 3, 2025). On July 6, 2025, Progressive Express filed the current application for discretionary review, again seeking to appeal the April 2 order. We again lack jurisdiction.

An application for discretionary review must be filed within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Progressive Express's application is untimely, as it was filed more than three months after entry of the order it seeks to appeal. Moreover, we reject its claim that its application should be deemed timely filed because its improper direct appeal would have been timely, had a direct appeal been proper. See OCGA § 5-6-35 (d); *Boyle*, 190 Ga. App. at 734.

Progressive Express also asserts that its application was timely filed within 30 days after entry of a trial court order purportedly granting its "Motion to File Application for Discretionary Appeal," a copy of which it has not included with its application materials. But even if such an order was entered, it is ineffective, as trial courts lack the authority to grant extensions of time to file discretionary applications. *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011) ("Because a discretionary application must be filed only in an appellate court, see OCGA § 5-6-35 (d), a *trial* court may not grant an extension of the time to file the application pursuant to OCGA § 5-6-39."); accord Court of Appeals Rule 16 (c) ("Requests for extensions of time to file discretionary applications must be directed to this Court and should be filed pursuant to Rule 40 (b), Emergency Motions."). Consequently, we lack jurisdiction over this untimely application for discretionary review, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__07/30/2025_____

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*