HODNETT <em>v.</em> BONNER <em>et al.</em>

An attorney at law is not entitled to a lien upon land the advertised sale of
which by the sheriff upon a particular day was prevented by the granting
of a restraining order upon a petition for injunction filed by such attor-
ney, the restraining order having been subsequently dissolved and no
judgment or decree having been rendered in favor of the plaintiff; nor
would such a lien arise merely because the client by reason of the delay
incident to the granting of the restraining order was enabled, with the
attorney's aid, to make a financial arrangement by which the threatened
sheriff's sale was finally averted.

Argued March 27, — Decided April 25, 1899.

Petition to foreclose lien.   Before Judge Harris.   Carroll
superior court.   April term, 1898.

*W. F. Brown, Adamson & Jackson, C. P. Gordon, Cobb &
Brother* and *W. C. Hodnett,* for plaintiff.   *S. Holderness,* contra.

COBB, J.   Hodnett brought suit against Bonner, alleging in
his petition that Bonner was the owner of certain described
realty which had been levied upon under various executions
against him and was advertised to be sold on the first Tuesday
in February, 1896; that it was apparent that if the property
was sold at judicial sale it would not bring any more than
enough to pay off the debts due by Bonner, and the property

was really worth a much larger sum; that Bonner employed plaintiff as an attorney at law to prepare a petition praying for a restraining order to prevent the sheriff from selling the property at the time advertised, in order to stay the executions until arrangements could be made to either borrow money to pay off the liens or sell the property at private sale; that the petition was prepared and presented to the court and a restraining order obtained, and though this restraining order was finally dissolved by the court, the sheriff was prevented from selling the property, and Bonner succeeded in negotiating a loan sufficient in amount to discharge the executions which were proceeding against him; that the purpose for which plaintiff was employed, that is to prevent the property from going to sale, was accomplished, and that thereby a lien accrued to plaintiff on the property so saved for Bonner; that "an assertion claiming a lien on said property was duly filed and recorded as was required by law"; that Bonner agreed to pay plaintiff for the service rendered ten per cent. of the value of the property, the value thereof as fixed by Bonner being $20,000. Attached to the petition was a copy of what purported to be a claim of lien signed by the plaintiff as an attorney at law, which had been filed and recorded, and in which it was set up that a lien was claimed for the sum of $2,000 for professional services rendered by the plaintiff as an attorney at law in the case referred to in the petition, and that the amount thus claimed was a lien upon certain described realty, being the same as that which is described in the petition. The prayer of the petition was, that the lien claimed by petitioner "be foreclosed and a judgment absolute be granted" in his favor. Pending the suit certain persons holding liens and claims against the land were, on motion of plaintiff, made parties defendant, and the petition was amended by adding thereto a prayer that such liens and claims be decreed to be inferior to the lien claimed by plaintiff. To the petition as amended the defendants filed demurrers both general and special. The court sustained the demurrers and dismissed the petition, and the plaintiff excepted.

The law which declares when an attorney at law shall have a lien upon the property of his client for professional services

rendered in the latter's behalf is found in section 2814 of the Civil Code; and unless a petition claiming such lien sets forth a state of facts which brings the case within the terms of this section, it must fail as a suit to foreclose a lien. That section is as follows:

"1. Attorneys at law shall have a lien on all papers and money of their clients in their possession, for services rendered to them, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.

"2. Upon suits, judgments and decrees for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them.

"3. Upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys at law, or their lawful representatives, as liens on personal and real estate, by mortgage and foreclosure, and the property recovered shall remain subject to said liens, unless transferred to *bona fide* purchasers without notice.

"4. If an attorney at law shall file, as provided in section 2804, his assertion claiming lien on property recovered on suit instituted by him, within thirty days after a recovery of the same, then his lien shall bind all persons.

"5. The same liens and modes of enforcement thereof, which are allowed by this section, or by preceding laws, to attorneys at law who are employed to sue for any property, upon the property recovered, shall be equally allowed to attorneys at law employed and serving in defense against such suits in case the defense is successful."

It not being alleged in the petition that any papers or money of the client were in possession of the plaintiff, of course there is no lien in his favor under the first paragraph of the section.

As the matter in which the professional services were rendered was not a suit for money and did not result in a judgment or decree therefor, the plaintiff is not entitled to any lien under the provisions of the second paragraph. The lien provided for in paragraphs 3 and 4 does not arise unless there has been a judgment rendered in favor of the client, in which property, either real or personal, is recovered. The moment a judgment of recovery is rendered the lien becomes perfect as against the client; but the same can not be asserted against bona fide purchasers without notice, unless the claim of lien is filed and recorded within the time and in the manner prescribed in paragraph 4. Even if the suit in which the plaintiff rendered the professional services could be properly held to be one for the recovery of real property, he acquired no lien upon the property therein involved, for the reason that there was never any judgment or decree rendered in the case, and no property was ever recovered for his client in that proceeding. Nor can the lien be sustained under paragraph 5 of the section. That gives to attorneys at law who successfully *defend* suits for property, either real or personal, a lien upon the property involved in the suit thus successfully defended. Even if it could be said that the equitable proceeding instituted by the plaintiff in the present case was a defense to the executions which were proceeding against the defendant, such defense was not successful, for it is distinctly alleged that the defendant has discharged the executions. The plaintiff has rendered no service which would authorize the court to declare a lien in his favor. His client has entrusted no money or papers to him, he has represented his client in no suit for the recovery of money, he has recovered no property, real or personal, nor has he successfully defended any suit for the recovery of property. The sole purpose of the petition was to obtain a judgment foreclosing a lien. There was no prayer for any other specific relief, nor was there anything which could be properly construed into a prayer for general relief. Such being the case, if the averments of the petition were insufficient to authorize the judgment prayed for, no other course was open than to dismiss the case on a demurrer filed raising this question. It was argued that the case

was properly dismissed because it appeared from the aver-
ments of the petition that the plaintiff's employment was for
the purpose of delaying and hindering the creditors of the de-
fendant, and that the contract of employment was on this ac-
count not enforceable, being opposed to the policy of the law.
Whether the contract was of the character claimed, and if so,
whether the same can be enforced, are questions we will not
now decide.    In the present case it makes no difference whether
the contract is valid or invalid, as the plaintiff was not entitled
to the relief prayed for, and his case was properly dismissed.
Nothing in the judgment now rendered will prevent him from
bringing a suit to recover the value of the services rendered,
nor will it prevent the defendant from raising the question that
the contract was contrary to law.

*Judgment affirmed.    All the Justices concurring.*