HODNETT *v.* STEWART *et al.*

</div>

HOLDEN, J.   1. One of several executions owned by different parties, issued upon judgments against the same party, was levied upon a tract of land to which the wife of the defendant in execution filed a claim. It was agreed that the question as to whether or not the land was subject to the judgments not levied was to be determined by the final verdict and judgment in the claim case, upon the first trial of which the property was found subject. Pending a motion for a new trial by the claimant, she and her husband made a deed to all of the plaintiffs in the several judgments in settlement thereof, and in further consideration of the grantees permitting her to use the land the following year free of any charges except the payment of taxes, and dismissing a levy on other property to which she had filed a claim, and for other considerations named in such deed, which stated that the land was subject to all of the judgments because of facts named. The motion for a new trial was heard, and the judgment overruling it was reversed by the Supreme Court and the case remanded for another trial, upon which trial, which was had as though the deed to the defendants had never been made, a final verdict and judgment were rendered finding the property not subject. No attorney's lien for fees was recorded, but the claimant gave to the plaintiff a note for the amount of his fees, and a mortgage on the land to secure the same. The fee of the plaintiff under his contract with the claimant, if the property was found not subject, was to be such reasonable part of the property as might be just and right for the services rendered; if claimant could not pay such fee in cash. Subsequently to such final verdict and judgment the claimant instituted proceedings against the defendants to cancel her deed to them, resulting in a final verdict and decree for defendants. Upon the trial of this case there was no collusion between the parties thereto. The note and mortgage were destroyed, and pending this

proceeding the wife deeded to the plaintiff a certain part of the land in settlement of such fee and his lien for same. The plaintiff instituted proceedings to cancel, as a cloud on his title, the deed made by the claimant to the defendants, in so far as it concerns the land conveyed to him, upon substantially the same grounds as those on which the plaintiff sought in her proceedings to cancel such deed. *Held:*

(*a*) A party to litigation is charged with notice of the lien which the attorney for the opposite party will have on the property recovered for his client for professional services rendered him in such litigation, but is not charged with notice that the attorney will acquire title to a portion of the property by reason of his contract with his client that he is to have such portion of the property in the event of his success in such litigation for professional services rendered such client therein.

(*b*) As there was no evidence that the defendants, when they purchased from the claimant the property involved in the claim case and took from her a deed thereto, had notice of such contract of the plaintiff, whereby he was to have for his services a portion of such property in the event of his success in the claim case, such deed had priority over any equity which the plaintiff might have had in such property by reason of such contract, and such deed also had priority over the deed from the claimant to the plaintiff, conveying such portion, made subsequently to the execution and record of the deed to the defendants.

(*c*) A deed to one in settlement of a lien on property of his debtor is inferior to a recorded prior deed to another from such debtor, although such recorded prior deed is inferior to such lien. *MacIntyre* v. *Ferst,* 101 *Ga.* 682 (28 S. E. 989).

(*d*) The evidence authorized the finding of the court, to whom the case was submitted without the intervention of a jury, that the deed from the claimant to the defendants was valid and should not be cancelled, in so far as it embraced the land conveyed to the plaintiff as a cloud upon the alleged title of the plaintiff to such land.

2. Where a plea has been filed after the expiration of the time allowed by law, but the case has never been marked "in default," it is not error, on the call of the case for a hearing, to refuse to strike the plea and an amendment thereto because not filed in time; and the decisions upon this question in the cases of *Davis* v. *South Carolina R. Co.,* 107 *Ga.* 420 (33 S. E. 437), *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131), *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314), and *Gillis* v. *Atlantic Coast Line R. Co.,* 127 *Ga.* 678 (56 S. E. 1003), upon a review thereof, are affirmed.

*Judgment affirmed. All the Justices concur.*

Argued February 3,—Decided July 17, 1908.

Equitable petition. Before Judge Freeman. Carroll superior court. January 5, 1907.

*W. C. Hodnett* and *W. F. Brown,* for plaintiff.

*S. W. Harris,* for defendants.