### 23790. MOLLOY *v.* HUBBARD *et al.*

DECIDED MARCH 26, 1934.

*Victor Davidson, Grice & Grice,* for plaintiff in error.
*Eli B. Hubbard, L. D. Moore, James D. Shannon,* contra.

SUTTON, J.  A common-law fi. fa., issued in favor of Mrs. Sarah Lee against Jim H. Lee, November 29, 1932, was levied on March 13, 1933, on certain mules in the possession of the defendant in fi. fa.; and they were sold by the sheriff in a quick-order sale on March 18, 1933.  W. F. Linder, as transferee, held a properly recorded chattel mortgage made by Jim H. Lee, January 23, 1930, covering the property on which the levy was made.  Hubbard, an attorney at law, represented Linder, and, on March 18, 1933, foreclosed this chattel mortgage, and on March 18, 1933, before the mules were sold, placed the mortgage fi. fa. in the hands of the sheriff, claiming that the lien of the mortgage execution was superior to that of the common-law fi. fa.  He then brought a petition for a rule against the sheriff, in behalf of his client, praying that the sheriff be required to turn over to Linder the proceeds from the sale of said mules.  While this rule proceeding was pending, J. M. Molloy instituted garnishment proceedings based on a common-law fi. fa. which he held against Linder, and a summons of garnishment was served upon the sheriff.  Thereupon Hubbard, the attorney at law who represented Linder in the mortgage-foreclosure proceedings and in bringing said rule against the sheriff, intervened and set up that Linder, the mortgagee, employed him on August 1, 1932, to collect or foreclose said mortgage, and agreed to pay him a fee of $50, and that Linder owed him an attorney's fee of $50 for his services in foreclosing said chattel mortgage and bringing said rule against the sheriff.  By consent all the proceedings were consolidated and tried before the judge of the superior court, without the intervention of a jury, upon an agreed statement of facts.  The judge held that the lien of Linder, the mortgagee, was superior to that of the holder of the common-law fi. fá., and that the funds derived from the sale of the mortgaged property were subject to the

garnishment instituted by the creditor of Linder upon the fi. fa. against him, but that Hubbard, Linder's attorney, was entitled to the payment of his fee of $50, and, after satisfaction of such fee, that the remainder of the proceeds be turned over to Molloy to apply on his fi. fa. against Linder. To this judgment Molloy excepts.

1. "Upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes." Civil Code (1910), § 3364 (3). Such lien given to an attorney arises upon his employment and is perfected by the ultimate recovery of the judgment for his client. As between the attorney and other creditors of the client, it is not essential to the validity of the lien that it should be filed, or recorded, or enforced by foreclosure. *Burgin & Sons Glass Co.* v. *McIntire,* 7 *Ga. App.* 755.

2. The attorney in this case, having foreclosed the chattel mortgage and lodged the fi. fa. with the sheriff, and having brought a petition for a rule against the sheriff for the mortgagee, asking to have the funds derived from the sale of the mortgaged property turned over to his client, the mortgagee, prior to the institution of the garnishment proceedings by the creditor of the mortgagee, who held a common-law fi. fa. against him, was entitled to have his lien for services performed in the foreclosure of said chattel mortgage satisfied prior to turning the proceeds of the sale over to the garnishing creditor. Had the attorney not foreclosed the chattel mortgage and subjected the funds of the sale to the mortgage fi. fa., the sheriff could have paid the money over to the holder of the common-law fi. fa., who had caused the levy on the mules to be made. See *Middleton* v. *Westmoreland,* 164 *Ga.* 324; *Twiggs* v. *Chambers,* 56 *Ga.* 279; *Hargett* v. *McCadden,* 107 *Ga.* 773.

3. It follows that the court did not err in awarding, out of the proceeds of the sale of the property levied on, the fee of the attorney who foreclosed the chattel mortgage thereon and prevented the sheriff from releasing the funds derived from the sale of the mules, to the holder of the common-law fi. fa. levied upon the mules, and under which the sale was had.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*