A03A1248. CHEUVRONT v. CARTER et al.
(589 SE2d 609)

MILLER, Judge.

Michael J. Cheuvront d/b/a Rent Company appeals from the trial court's order granting the defendants' (William H. Carter and James Carter, d/b/a C. C. Enterprises) motion to set aside default judgment. As the trial court properly exercised its discretion in setting aside the judgment under OCGA § 9-11-60 (d) (2), we affirm.

Cheuvront sued the Carters for the unpaid rental of certain equipment. Summons was served on William Carter on March 15, 2002, and on his son James on March 16, 2002. William made several attempts to contact Cheuvront's attorney, C. James McCallar, Jr., in the weeks following service, leaving several phone messages. William and McCallar finally spoke by phone in late April 2002, after the 30-day period for answering had expired but within the 45-day period allowed for opening default as a matter of right. See generally OCGA § 9-11-55 (a). During the conversation, William explained to McCallar that he and his son were not proper defendants in the lawsuit. McCallar responded by stating, "I understand." McCallar did not inform William that he should seek the advice of an attorney or that the case was in default. William explained that after the conversation with McCallar, he believed that the situation had been resolved.

Cheuvront filed a motion for default judgment on the ground that the defendants failed to answer the complaint, which motion the court granted on May 13, 2002. On October 8, 2002, the defendants filed a motion to set aside the default judgment. The trial court, in granting the defendants' motion, concluded that McCallar's actions and omissions during the telephone conversation induced "William Carter into misunderstanding Plaintiff's attorney's role in the matter and into believing that the case was resolved." Cheuvront appeals, and in his sole enumeration of error argues that the trial court erred in setting aside the default judgment as the defendants' own negligence contributed to the entry of judgment.

"[A]fter expiration of the term of court in which a default judgment is entered, the trial court's discretion in setting aside the default judgment is limited to the criteria set forth in OCGA § 9-11-60 (d)." (Citation omitted.) *Ga. Receivables v. Murray*, 240 Ga. App. 676-677 (524 SE2d 518) (1999). Under that section, "[a] motion to set aside may be brought to set aside a judgment based upon . . .

[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." OCGA § 9-11-60 (d) (2).

In deciding whether the trial court properly set aside the judgment, we must answer two questions. The first question is whether the judgment was based upon fraud, accident, mistake, or the acts of the adverse party. The trial court found that McCallar's statement caused William to misunderstand McCallar's role and to believe that the case was resolved. We agree. McCallar's statement, "I understand," led William to believe that McCallar agreed with Carter's contention that he and his son James were not proper parties in the case. McCallar made no effort to correct the misunderstanding nor did he make any statement to put William on notice that the case would proceed or that he and James were in default.

The second question is whether the act or mistake of McCallar was unmixed with any negligence on the part of the Carters. Cheuvront argues that the Carters were negligent because they failed to answer the complaint and were in default at the time William spoke with McCallar. Any negligence, however, in failing to answer the complaint was a direct result of the actions of McCallar. William made repeated, timely attempts to contact McCallar to resolve the issue and after speaking with McCallar was led to believe that the issue would no longer be pursued. Compare *Mitchell v. Speering*, 239 Ga. App. 472-474 (521 SE2d 419) (1999) (default judgment upheld where defendant did nothing after being served with the complaint and moved to set aside judgment on the ground that the court clerk's office provided misinformation about service); *First Dixie Properties v. Chrysler Corp.*, 202 Ga. App. 145, 147 (413 SE2d 464) (1991) (default judgment upheld where defendant failed to file an answer even after plaintiff informed defendant that it did not agree to settlement and planned to proceed with the case). Indeed, if in order to avoid the setting aside of a default judgment, a plaintiff could simply show that the defendant failed to answer, OCGA § 9-11-60 (d) (2) could never operate to set aside a default judgment and would be a mere nullity in those circumstances. Here, the failure to answer could be found to be the direct result of McCallar's statement and inaction in leading the defendants to believe that the suit was resolved. Therefore, we hold that the trial court did not abuse its discretion under OCGA § 9-11-60 (d) (2) in setting aside the default judgment.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 29, 2003 —

*McCallar & Associates, C. James McCallar, Jr., Mark Bulovic,* for appellant.
*Dennis G. Dozier,* for appellees.