**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and ANDREWS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 14, 2018**

# In the Court of Appeals of Georgia

A18A0029. PRINCIPAL LIEN SERVICES, LLC v. NAH CORPORATION.

DILLARD, Chief Judge.

Principal Lien Services, LLC ("PLS") filed a garnishment action against NAH Corporation ("NAH"), seeking to recover on a judgment it obtained in a lawsuit against DLH Investment Corporation ("DLH"). After NAH failed to file a response, PLS obtained a default judgment. Eventually, NAH learned of the action and filed a motion to set aside the default judgment, which resulted in the trial court granting the motion and dismissing the garnishment action. On appeal, PLS contends that the trial court erred in ruling (1) NAH had standing to raise the defense that DLH was not provided timely notice of the garnishment action; (2) NAH had not waived such defense; (3) PLS's failure to provide proper notice to DLH was a nonamendable

defect; and (4) PLS's actions warranted setting aside the default judgment. For the reasons set forth *infra*, we reverse the trial court's judgment.

Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment.[1] But the standard of review for a question of law on appeal is *de novo*, "during which we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[2] So viewed, the record shows that on May 13, 2015, PLS filed a garnishment against NAH in the State Court of Wayne County based on a judgment it obtained against DLH in a lawsuit filed in the Superior Court of Gilmer County. Two days later, on May 15, 2015, PLS served Yogesh Patel, who was listed as the registered agent for NAH. On May 21, 2015, PLS attempted to serve DLH, as the judgment debtor, with notice of the garnishment action, via certified mail. And on July 6, 2015, PLS filed a "Certificate of Service Upon Defendant,"

---

[1] *See Jacques v. Murray*, 290 Ga. App. 334, 335 (1) (659 SE2d 643) (2008) (punctuation omitted); *see also Stamey v. Policemen's Pension Fund Bd. of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011) (noting that "a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion" (punctuation omitted)).

[2] *Cosby v. Lewis*, 308 Ga. App. 668, 670 (1) (708 SE2d 585) (2011) (punctuation omitted).

under former OCGA § 18-4-64 (a) (2),[3] indicating its attempt to serve DLH by attaching the return receipt and the returned envelope, which was marked as "Not Deliverable As Addressed, Unable to Forward."

At some point after PLS served NAH's listed registered agent, Yogesh Patel, with the garnishment action (but before it took any additional action), Patel contacted PLS's counsel by telephone and advised that NAH had been dissolved in 2002, he had resigned as NAH's registered agent around that same time, and he had no

---

[3] *See* former OCGA § 18-4-64 (a) (2) (2000) ("In a garnishment based on a judgment, the defendant shall be given notice of the filing of the first summons of garnishment on an affidavit for garnishment and of the issuance of an additional summons of garnishment on such affidavit when no notice has been given to the defendant within 90 days immediately preceding the issuance of such additional summons, using any one or more of the following methods . . . . The plaintiff, after issuance of the summons of garnishment and not more than three business days after service of the summons of garnishment on the garnishee, shall cause a written notice to be sent to the defendant at the defendant's last known address by registered or certified mail or statutory overnight delivery, return receipt requested. Either the return receipt indicating receipt by the defendant or the envelope bearing the official notification from the United States Postal Service of the defendant's refusal to accept delivery of such registered or certified mail or statutory overnight delivery shall be filed with the clerk of the court in which the garnishment is pending. . . ."). In 2016, the General Assembly significantly amended much of the garnishment statute and repealed §§ 18-4-60 to 18-4-66. *See* Ga. L. 2016, Act 325, § 1 (effective May 12, 2016). Similar service and notice provisions are now codified by OCGA § 18-4-8. *See also* Ga. L. 2016, p. 8, § 1.

3

knowledge of NAH's current status. And at the conclusion of this conversation, PLS's counsel told Yogesh Patel "not to worry about the garnishment."

Nevertheless, after NAH failed to file an answer in the garnishment action within 60 days of it being served, PLS filed a motion for default judgment. And on September 4, 2015, the trial court granted PLS's motion and entered a default judgment against NAH. Then, on September 27, 2015, PLS served NAH with a copy of the default judgment by mailing it certified, once again, to Yogesh Patel, who was still listed as NAH's registered agent in the Secretary of State's records. This notice, however, was returned as undeliverable. PLS then conducted research into the issue, after which, on December 14, 2015, it sent a copy of the default judgment, via certified mail, to the address of a package store in Jesup, Georgia, for which Yogesh Patel was listed as the owner. There, the copy of the default judgment was accepted and signed for by Jitendra Patel, an employee at Yogesh Patel's store.

On June 13, 2016, NAH filed a motion to set aside the default judgment, arguing, *inter alia*, that PLS's notice of the garnishment action to DLH was untimely and, thus, constituted a nonamendable defect on the face of its pleading. The motion also included an affidavit of Narotom Patel, the CEO of NAH, stating that he first learned of the garnishment action and default judgment as a result of litigation PLS

4

filed to enforce the judgment. On March 10, 2017, the trial court held a hearing on the matter, which concluded with the court ruling in favor of NAH. Then, on March 21, 2017, the trial court issued an order affirming its ruling to set aside the default judgment and further ruling to dismiss the garnishment action. PLS then filed an application for a discretionary appeal, which we granted. This appeal follows.

1. PLS first contends that the trial court erred in ruling that NAH, the garnishee, had standing to raise the defense that DLH, the judgment debtor, was not provided timely notice of the garnishment action. We agree.

In Georgia, garnishment statutes are "in derogation of the common law and, thus, must be strictly construed."[4] Nonetheless, with that principle in mind, in cases "in which a plaintiff has obtained a money judgment against a defendant, the plaintiff is entitled to file a garnishment action in a court which has jurisdiction over the garnishee, the person or entity which has in its possession money or property which

---

[4] *A.M. Buckler & Assocs., Inc. v. Sanders*, 305 Ga. App. 704, 704 (700 SE2d 701) (2010) (punctuation omitted); *see Akridge v. Silva*, 298 Ga. App. 862, 865 (1) (681 SE2d 667) (2009) (noting that "[g]arnishment is purely a statutory proceeding" (punctuation omitted)).

belongs to the defendant and is subject to garnishment."[5] As further explained in former OCGA § 18-4-93 (2000),

> [a] garnishment proceeding is an action between the plaintiff and the garnishee; but, at any time before a judgment is entered on the garnishee's answer or before money or other property subject to garnishment is distributed, the defendant may become a party to the garnishment for the purposes set out in Code Section 18-4-65 by filing a traverse to the plaintiff's affidavit stating that the affidavit is untrue or legally insufficient; and he shall be a party to all proceedings thereafter.

And given the defendant's right to become a party to a garnishment action, a defendant must be provided notice that such an action has been filed. Thus, as previously noted, former OCGA § 18-4-64 (a) (2) in part provides that

> [t]he plaintiff, after issuance of the summons of garnishment and not more than three business days after service of the summons of garnishment on the garnishee, shall cause a written notice to be sent to the defendant at the defendant's last known address by registered or certified mail or statutory overnight delivery, return receipt requested. . . .

Former OCGA § 18-4-64 (e) then provides: "No money or other property delivered to the court by the garnishee shall be distributed; nor shall any judgment be rendered

---

[5] *A.M. Buckler & Assocs., Inc.*, 305 Ga. App. at 705.

6

against the garnishee until after the expiration of ten days from the date of compliance with at least one method of notification provided by subsection (a) of this Code section."

In its motion to set aside the default judgment, NAH argued—and the trial court agreed—that PLS failed to provide DLH with notice of the garnishment action within three business days as required by former OCGA § 18-4-64 (a) (2). This failure, NAH argued, coupled with the language in OCGA § 18-4-64 (e), constituted a nonamendable defect upon the face of PLS's pleading, which warranted setting aside the default judgment.[6] But even though PLS concedes that it failed to provide DLH with notice of its garnishment action within three business days, we need not decide whether such failure constituted a nonamendable defect because NAH, as the garnishee (and not the judgment defendant), lacks standing to raise this defense.

As the Supreme Court of Georgia has held, "standing is in essence the question of whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues and litigants must establish their standing to raise issues before

---

[6] *See* OCGA § 9-11-60 (d) (3) ("A motion to set aside may be brought to set aside a judgment based upon . . . [a] nonamendable defect which appears upon the face of the record or pleadings.").

7

they are entitled to have a court adjudicate those issues."[7] Indeed, "a party only has

standing to assert a procedural right so long as the procedures in question are

designed to protect some threatened concrete interest of his that is the ultimate basis

of his standing."[8] Moreover, generally, a party has "no standing to voice a vicarious

objection to the sufficiency of service upon another party."[9] Here, the plain language

of former OCGA § 18-4-64, as noted *supra*, concerns a plaintiff's obligation to

provide the judgment defendant with notice of a garnishment action so as to protect

the defendant's interests in such action. As a result, only the defendant has standing

to assert that a plaintiff failed to meet the requirements of this statute.[10] This reading

of former OCGA § 18-4-64 is further supported by the fact that other sections of the

garnishment statute ensure that a garnishee is not without its own remedies for

---

[7] *Sherman v. City of Atlanta*, 293 Ga. 169, 172 (2) (744 SE2d 689) (2013) (citations and punctuation omitted).

[8] *Oasis Goodtime Emporium I, Inc. v. City of Doraville*, 297 Ga. 513, 518 (2) (773 SE2d 728) (2015) (punctuation omitted).

[9] *Mateen v. Dicus*, 286 Ga. App. 760, 760 (1) (650 SE2d 272) (2007).

[10] *See Oasis Goodtime Emporium I, Inc.*, 297 Ga. at 518 (2) (holding that appellant lacked standing to challenge validity of notice to city as the law requiring such was clearly designed to protect the interests of the public and not appellant's interests, which were addressed in a separate subsection of the statute).

challenging a plaintiff's action.[11] And although NAH maintains that subsection (e), nevertheless, insulates it from judgment under the facts in this matter, the Supreme Court of Georgia held in *Oasis Goodtime Emporium I, Inc. v. City of Doraville*,[12] that a similar statutory notice requirement did not obviate standing as a threshold issue.[13] Given these particular circumstances, only DLH is harmed by the lack of timely notice provided to it, and thus, only DLH may raise this issue as a defense.[14]

---

[11] *See* former OCGA § 18-4-23 (2000) ("The method of service of a summons of garnishment shall be as provided in Code Section 9-11-4."); former § 18-4-62 (2000) (requiring formal service upon garnishee and allowing garnishee to immediately file an answer if it asserts it has no money or property subject to garnishment).

[12] 297 Ga. 513.

[13] *See id.* at 517-18 (2) (holding that whether the notice requirement in OCGA § 28-1-14 (b) was satisfied need not be decided given the fact that appellant failed to show that it had standing).

[14] *See Phillips v. Phillips*, 159 Ga. App. 676, 677 (2) (285 SE2d 52) (1981) (holding that judgment debtor had no standing to raise vicarious challenge to service of garnishment action upon garnishee); *see also Oasis Goodtime Emporium I, Inc.*, 297 Ga. at 518 (2) (holding that appellant lacked standing to challenge validity of notice to city pursuant to statute requiring General Assembly to provide such notice when amending a city's charter); *GE Capital Mortg. Servs., Inc. v. Clack*, 271 Ga. 82, 83 (1) (a) (1999) (holding that a party who was given notice of a tax sale as statutorily required "may not attack the sale on the ground of lack of notice to another party"); *Ueal v. AAA Partners in Adoption, Inc.*, 269 Ga. App. 258, 260 (2) (603 SE2d 672) (2004) (finding that mother lacked standing to assert that putative father did not receive notice of termination of parental rights proceeding); *Clark v. Superior Ins.*

Accordingly, the trial court erred in ruling that NAH had standing to raise the defense that DLH was not provided timely notice of the garnishment action.

2. In its second and third claims of error, PLS contends that the trial court erred in ruling that NAH had not waived the defense of untimely notice to DLH and that PLS's failure to provide such timely notice was a nonamendable defect. But given our holding in Division 1 *supra*, that NAH lacked standing to raise the defense of untimely notice to DLH, we need not address these issues.

3. PLS also contends that the trial court erred in ruling that its acts, specifically its counsel's telephone conversation with Yogesh Patel, warranted setting aside the default judgment. Again, we agree.

OCGA § 9-11-60 (d) (2) provides: "A motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the

---

*Co.*, 209 Ga. App. 290, 292 (2) (433 SE2d 394) (1993) (holding that lienholder of automobile loan, rather than insured, had standing to challenge insurance premium finance company's cancellation of policy on grounds that finance company did not give timely notice to lienholder). *Cf. Cook v. NC Two, L.P.*, 289 Ga. 462, 463-64 (712 SE2d 831) (2011) (holding that trial court erred in denying *judgment debtor's* traverse, in which he argued that plaintiff must strictly comply with OCGA § 18-4-64 (a) when providing *judgment debtor* with notice of garnishment action); *TBF Fin., LLC v. Houston*, 298 Ga. App. 657, 659 (680 SE2d 662) (2009) (affirming trial court's ruling in favor of *judgment debtor* on the ground that plaintiff failed to provide *judgment debtor* with timely notice of garnishment action).

adverse party unmixed with the negligence or fault of the movant. . . ." Consequently, in deciding whether a trial court properly set aside a judgment under this Code section, we must first determine whether the judgment was based upon fraud, accident, mistake, or the acts of PLS, and if so, whether the act or mistake of PLS was unmixed with any negligence on the part of NAH.[15]

In this matter, the trial court also ruled, in the alternative, to set aside the default judgment under OCGA § 9-11-60 (d) (2). Specifically, the court found that the phone conversation, in which PLS's counsel told Yogesh Patel "not to worry about the garnishment[,]" was an act by PLS that caused Patel to abstain from taking any further action regarding the lawsuit. But even if we were to construe counsel's remark that Yogesh Patel had no cause to worry as also meaning that *NAH* had no cause for concern, the requirement of OCGA § 9-11-60 (d) (2) that NAH also be free of negligence was not satisfied.

As previously noted, after obtaining its default judgment, PLS once again served Yogesh Patel based on its research indicating that he was, in fact, still listed

---

[15] *See Cheuvront v. Carter*, 263 Ga. App. 837, 838-39 (589 SE2d 609) (2003) (noting that in deciding whether the trial court properly set aside the judgment, we must ask whether the judgment was based upon fraud, accident, mistake, or the acts of the adverse party and whether the act or mistake of the adverse party was unmixed with any negligence on the part of the moving party).

as the registered agent for NAH. Thus, Yogesh Patel, at the very least, was made aware that PLS was continuing to pursue the garnishment action against NAH, but neither he nor NAH did anything in response until NAH moved to set the default judgment aside nearly nine months after it was entered. And while Yogesh Patel may no longer have been NAH's registered agent, it was NAH's responsibility to continuously maintain such an agent[16] and inform the Secretary of State of its agent's address.[17] Furthermore, NAH earns no absolution based on the fact that it was apparently administratively dissolved at the time, as "[t]he administrative dissolution of a corporation does not terminate the authority of its registered agent."[18] Given

---

[16] *See* OCGA § 14-11-209 (a) (2) ("Each limited liability company shall continuously maintain in this state . . . [a] registered agent for service of process on the limited liability company.").

[17] *See* OCGA § 14-2-1622 (a) (2) ("Each domestic corporation and each foreign corporation authorized to transact business in this state shall deliver to the Secretary of State for filing an annual registration that sets forth . . . [t]he street address and county of its registered office and the name of its registered agent at that office in this state. . . .").

[18] OCGA § 14-2-1421 (d); *see also* OCGA § 14-2-1421 (c) ("A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs . . ."); *Hall v. Holbrook*, 220 Ga. App. 675, 677 (1) (469 SE2d 868) (1996) (holding that the fact that the Secretary of State declared that corporation was administratively dissolved would not have prevented execution and levy against any assets or property that it owned).

12

these particular circumstances, regardless of whether PLS's counsel's conversation with Yogesh Patel initially led *NAH* to believe that it need not worry about the garnishment action, NAH's own negligence precluded it from having the default judgment set aside under OCGA § 9-11-60 (d).[19] Accordingly, the trial court abused its discretion in ruling to set aside the PLS's default judgment on such grounds.

For all these reasons, we reverse the trial court's order setting aside PLS's default judgment and dismissing its garnishment action.

*Judgment reversed. Doyle, P. J., and Andrews, J., concur*.

---

[19] *See First Dixie Props., Inc. v. Chrysler Corp.*, 202 Ga. App. 145, 147 (413 SE2d 464) (1991) (holding that the trial court erred in granting appellee's motion to set aside under OCGA § 9-11-60 (d) because although appellee was initially led to believe the case had been settled, "[u]pon receiving explicit notice from appellant that it never agreed to any settlement and a warning that appellant intended to proceed with the case, appellee still did nothing"); *see also Mitchell v. Speering*, 239 Ga. App. 472, 474 (521 SE2d 419) (1999) (upholding default judgment when defendant did nothing after being served with the complaint and moved to set aside judgment on the ground that the court clerk's office provided misinformation about service). *Cf. Cheuvron*, 263 Ga. App. at 838 (affirming trial court's setting aside of default judgment under OCGA § 9-11-60 (d) in light of fact that after appellee made repeated, timely attempts to contact appellant's counsel to resolve issue, and after speaking with appellant's counsel and telling him that appellee was not a proper defendant, appellee was led to believe that issue would no longer be pursued).