**FOURTH DIVISION**
**DILLARD, P. J.,**
**MARKLE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 23, 2022**

# In the Court of Appeals of Georgia

A22A0531. McDONALD & CODY v. STATE OF GEORGIA.

PHIPPS, Senior Appellate Judge.

In this forfeiture case, law firm McDonald & Cody appeals from a trial court order finding that the firm and attorneys Sam Sliger and Steve Maples did not have a valid and enforceable attorneys' lien as a matter of law under OCGA § 15-19-14 (c).[1] On appeal, McDonald & Cody contends that the trial court erred by (a) setting aside a prior order dismissing the underlying forfeiture complaint entered on June 24, 2019, and (b) finding that McDonald & Cody, Sliger, and Maples had no valid and enforceable attorneys' lien as to the property that was the subject of the forfeiture action. For the following reasons, we reverse.

---

[1] Although McDonald & Cody, Sliger, and Maples filed a "notice of attorneys' lien" together, only McDonald & Cody appeals from the trial court's order.

In November 2018, the State filed a complaint for forfeiture based on alleged violations of the Georgia Controlled Substances Act by Jigneshkumar Patel and his wife Toral Patel (the "Patels"). The complaint for forfeiture listed a number of bank accounts belonging to the Patels that the State had seized in September and October 2018. The Patels hired McDonald & Cody to resolve all claims relating to the seized accounts and signed contingency fee agreements in February 2019. Sliger, who worked at McDonald & Cody, represented the Patels in both the civil forfeiture case and the underlying criminal case. Maples also represented Jigneshkumar Patel in the civil forfeiture case. In addition, attorney Steven Sadow represented Jigneshkumar Patel in both the civil case and the underlying criminal case.

McDonald & Cody filed answers on behalf of the Patels in the forfeiture action, seeking, inter alia, the return of the seized property. Then, McDonald & Cody moved to dismiss the forfeiture complaint based on the State's failure to schedule and begin a bench trial within 60 days after the last claimant was served with the complaint as required by OCGA § 9-16-12 (f).[2] Maples filed a brief in support of the motion to

---

[2] OCGA § 9-16-12 (f) provides, in pertinent part: "If an answer is filed, a bench trial shall be held within 60 days after the last claimant was served with the complaint; provided, however, that such trial may be continued by the court for good cause shown."

dismiss. After a hearing, the trial court dismissed the State's complaint. At the same hearing, after the trial court announced its decision to dismiss the complaint, Sliger asked whether the State was required to return the property or post a supersedeas bond. The trial court's June 24, 2019 written order dismissing the complaint concluded as follows:

> It is therefore the order of the court that the claimants' motion to dismiss the complaint for forfeiture be granted. It is further the order of the court that the assets held by the State be paid into the registry of the court until such time as the deadline for appeal has expired or this judgment has been affirmed. Upon satisfaction of the aforementioned conditions precedent, all of the property described and listed in the complaint for forfeiture shall be returned to the claimants.

(Capitalization omitted.)

After obtaining a certificate of immediate review, the State filed an application for interlocutory appeal, which we granted on the basis that "the trial court's June 24 order is a final order that dismissed the complaint and announced the return of all of the property identified in the complaint to [the Patels], pending any appeal." Case No.

3

A19I0284.[3] The State's ensuing appeal was docketed in this Court as Case No. A20A0351.

While the State's appeal of the June 24, 2019 order was pending, Jigneshkumar Patel entered into a plea agreement, which was negotiated with the State by Sadow, to resolve his criminal case. Under the terms of the plea agreement, Jigneshkumar Patel entered an *Alford*[4] plea to a single count of violating the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO Act") and was given an eight-year probated sentence. As part of the plea agreement, the Patels agreed to forfeit the assets in the forfeiture complaint, and the State agreed to unfreeze certain bank accounts and to dismiss all charges against Toral Patel. Thereafter, on May 21, 2020, the Patels withdrew their answers in the forfeiture case and consented to forfeiture of all of the assets in the forfeiture complaint. The next day, the State filed a motion in this Court to withdraw its appeal in Case No. A20A0351, which we granted on May 29, 2020.

---

[3] The State also filed an application for discretionary appeal, which we dismissed as superfluous. Case No. A20D0012.

[4] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

On May 26, 2020, McDonald & Cody, Sliger, and Maples filed a "notice of attorneys' lien" and a "motion to vacate the withdrawal of claimants' answers and consents to forfeiture for the purpose of prosecuting the attorneys' contingency fee contract" in the civil forfeiture case. Thereafter, the State filed a motion to set aside the judgment dismissing the forfeiture complaint entered on June 24, 2019. McDonald & Cody, Sliger, and Maples opposed the State's motion to set aside. On December 8, 2020, the trial court entered two orders — one granting the State's motion to set aside the June 24, 2019 judgment, and the other denying the "motion to vacate the withdrawal of claimants' answers and consents to forfeiture for the purpose of prosecuting the attorneys' contingency fee contract." In the order granting the State's motion to set aside the judgment entered on June 24, 2019, the trial court directed the parties to brief the court "on whether the attorney[s'] lien filed under OCGA § 15-19-14 is valid and enforceable." Following briefing, the trial court entered an order on September 1, 2021, finding that there was no valid and enforceable attorneys' lien. This appeal followed.

1. McDonald & Cody contends that the trial court erred in setting aside the final judgment entered on June 24, 2019. We agree.

"A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion." *Williams v. Contemporary Svcs. Corp.*, 325 Ga. App. 299, 300 (750 SE2d 460) (2013).

Here, the State moved to set aside the June 24, 2019 judgment under OCGA § 9-11-60 (d) (2), which provides: "A motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." The State argued that the Patels' acts of withdrawing their answers and consenting to the forfeiture of the property on May 21, 2020, fell "squarely within the acts contemplated by OCGA § 9-11-60 (d) (2), as *acts of the adverse party unmixed with any negligence or fault of the movant.*" (Emphasis in original.) The trial court granted the State's motion, explaining that the Patels, "the adverse parties, wish to withdraw their answer and forego any claim to the forfeited funds as part of their negotiated plea agreement in the companion criminal case" and that "[t]he State, the moving party, has not been negligent [ ]or . . . shown any fault[,]" which "provides the necessary basis for the [court] to set aside" the June 24, 2019 judgment. The trial court reasoned that "[s]etting aside the previous order would allow the parties to enforce a compromise

6

that they each negotiated at arm's length, and would promote the administration of justice, not obscure it."

To decide whether a trial court properly set aside a judgment under OCGA § 9-11-60 (d) (2), we must first determine whether that judgment was based upon fraud, accident, mistake, or the acts of the adverse party. *Principal Lien Svcs., LLC v. NAH Corp.*, 346 Ga. App. 277, 282-283 (3) (814 SE2d 4) (2018); *Cheuvront v. Carter*, 263 Ga. App. 837, 838 (589 SE2d 609) (2003). If so, we must also consider whether the fraud, accident, mistake, or act of the adverse party was unmixed with any negligence on the part of the State. *Principal Lien Svcs., LLC*, 346 Ga. App. at 283 (3); *Cheuvront*, 263 Ga. App. at 838.

Applying these standards, we first consider whether the June 24, 2019 judgment, which dismissed the forfeiture complaint on the basis that the trial required under OCGA § 9-16-12 (f) was not held or continued within 60 days after the last claimant was served, was based upon fraud, accident, mistake, or the acts of the Patels. See *Principal Lien Svcs., LLC*, 346 Ga. App. at 282-283 (3); *Cheuvront*, 263 Ga. App. at 838. The State argues that the withdrawals of answers and consents to forfeiture entered by the Patels in May 2020 were grounds for setting aside the June 24, 2019 judgment under OCGA § 9-11-60 (d) (2) as acts of the adverse party.

7

However, the State does not contend that the June 24, 2019 judgment was *based upon* fraud, accident, mistake, or the acts of the Patels, and we have found no evidence in the record that would support such a conclusion. On the facts of this case, the June 24, 2019 judgment could not have been based upon the acts by the Patels of withdrawing their answers and consenting to forfeiture in May 2020, because those acts had not yet occurred when the June 24, 2019 judgment was entered.[5] Given these circumstances, the Patels' acts in May 2020 are not grounds for setting aside the June 24, 2019 judgment under OCGA § 9-11-60 (d) (2). See *Principal Lien Svcs., LLC*, 346 Ga. App. at 282-283 (3); *Cheuvront*, 263 Ga. App. at 838. Consequently, the trial court abused its discretion when it granted the State's motion to set aside the judgment on this basis. See *Williams*, 325 Ga. App. at 300.

2. McDonald & Cody contends that the trial court erred in holding that McDonald & Cody, Sliger, and Maples had no valid and enforceable attorneys' lien under OCGA § 15-19-14 (c) as a matter of law because there was no property recovered by the Patels. According to McDonald & Cody, the lien was perfected

---

[5] Because we conclude that the June 24, 2019 judgment was not based upon fraud, accident, mistake, or the acts of the adverse party, we do not reach the question of whether any fraud, accident, mistake, or act of the adverse party was unmixed with any negligence on the part of the State. See *Principal Lien Svcs., LLC*, 346 Ga. App. at 283 (3); *Cheuvront*, 263 Ga. App. at 838.

when the attorneys obtained a final judgment for the return of the property to the Patels. We agree.

OCGA § 15-19-14 (c) provides:

Upon all actions for the recovery of real or personal property and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes, which may be enforced by mortgage and foreclosure by the attorneys at law or their lawful representatives as liens on personal property and real estate are enforced. The property recovered shall remain subject to the liens unless transferred to bona fide purchasers without notice.

"The validity and enforceability of an attorney's lien, and the amount of fees to award the attorney enforcing the lien, are matters for the trial court to decide." *Tolson v. Sistrunk*, 332 Ga. App. 324, 325 (772 SE2d 416) (2015). "Where the trial court is the factfinder, we construe the evidence in the light most favorable to support the court's judgment and will uphold the court's factual findings on appeal if there is any evidence to support them." Id. "With respect to questions of law, however, we employ a de novo standard of review." *McWay v. McKenney's, Inc.*, 359 Ga. App. 547, 548 (859 SE2d 523) (2021).

9

"It is well established that the attorney's lien created under OCGA § 15-19-14 (c) attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, as long as they are the result of his exertions." *Smith, Bassett, Purcell & Koenig v. Word of God Ministries, Inc.*, 234 Ga. App. 263, 264 (506 SE2d 427) (1998) (citation, punctuation, and emphasis omitted). "An attorney['s] lien arises upon the attorney's employment and is perfected at the time of the ultimate recovery of the judgment by the client." *Jones v. Wellon*, 237 Ga. App. 62, 64 (514 SE2d 880) (1999) (citation and punctuation omitted). "The moment a judgment of recovery is rendered the lien becomes perfect as against the client[.]" *Hodnett v. Bonner*, 107 Ga. 452, 455 (33 SE 416) (1899). "A party to litigation is charged with notice of the lien which the attorney for the opposite party will have on the property recovered for his client for professional services rendered him in such litigation[.]" *Hodnett v. Stewart*, 131 Ga. 67, 68 (a) (61 SE 1124) (1908).

In its September 1, 2021 order, the trial court found that OCGA § 15-19-14 (c) applies because the case is a forfeiture action and involves the recovery of personal

property.[6] However, citing *Molloy v. Hubbard*, 48 Ga. App. 820, 821 (173 SE 877) (1934), as support for the proposition that "[a]n attorney's lien under OCGA § 15-19-14 (c) arises upon the attorney's employment and is perfected by the ultimate recovery in favor of his client[,]" (punctuation and emphasis omitted) the trial court concluded that there was no "ultimate recovery" for the Patels under the meaning of OCGA § 15-19-14 (c) because "[t]o have recovered under the meaning of the statute, the [Patels] would have had to receive some or all of the property claimed in the forfeiture suit." The trial court cited no authority for this conclusion, and we have found none. On the contrary, in *Molloy*, we held that an attorney had a lien for his fee on property he recovered for his client even though the client did not receive any of the property. See 48 Ga. App. at 821.

In *Molloy*, a common law fi. fa. was levied upon certain mules, and they were sold by the sheriff in a quick-order sale. 48 Ga. App. at 820. An attorney representing a client who had a chattel mortgage on the mules foreclosed the mortgage and

---

[6] We note that OCGA § 15-19-14 (e) provides that "The same liens and modes of enforcement thereof which are allowed to attorneys at law who are employed to bring an action for any property, upon the property recovered, shall be equally allowed to attorneys at law employed and serving in defense against such actions in case the defense is successful." Neither party argues on appeal that subsection (e) applies to this case.

11

initiated a proceeding against the sheriff to have the funds from the sale of the mules turned over to his client. Id. While this proceeding was pending, a creditor of the client instituted garnishment proceedings. Id. We held that the attorney was entitled to have his lien for services performed in the foreclosure of the mortgage satisfied from the proceeds of the sheriff's sale of the mules before the remaining proceeds were turned over to the garnishing creditor. Id. at 821. Although none of the proceeds of the sale were paid to the client, we affirmed the award of the attorney's fee out of the proceeds of the sheriff's sale. Id. Thus, *Molloy* does not support the trial court's conclusion that to recover within the meaning of OCGA § 15-19-14 (c), the Patels had to receive some or all of the property claimed in the forfeiture suit.

The State relies on *Outlaw v. Rye*, 312 Ga. App. 579, 582 (2) (718 SE2d 905) (2011), to argue that McDonald & Cody, Sliger, and Maples did not recover property on behalf of their clients. The State's reliance on *Outlaw* is misplaced. In *Outlaw*, an attorney attempted to put an attorney's lien under OCGA § 15-19-14 (c) on certain real property owned by her former client. Id. at 579-580. The attorney had represented the former client in a custody dispute, and the real property was not recovered in the custody proceedings. Id. at 580. We explained that

12

Our Supreme Court has long held that, because the statute concerning attorney's liens is in derogation of the common law, it must be strictly construed. For this reason, Georgia courts have steadfastly refused to apply the statute to any factual situation not strictly within its wording. By its clear and unambiguous terms, the statute permits a lawyer to assert a statutory lien only against property recovered by the lawyer for her client. Put another way, the lien that is authorized by the statute attaches to the fruits of the labor and skill of the attorney, and it properly can be directed only to properties that are among those fruits.

Id. at 581 (1) (citations and punctuation omitted). Consequently, we held that because the property at issue in *Outlaw* was not "among the fruits of the labor and skill" of the attorney, the lien was not authorized by OCGA § 15-19-14 (c) and was, therefore, invalid. Id. at 581-582 (1). Here, by contrast, McDonald & Cody properly seeks to enforce a statutory lien pursuant to OCGA § 15-19-14 (c) on property that was at issue in the forfeiture case.

The State also asserts that it was not aware of the contingency fee agreement "until well after the criminal plea had been entered," but does not explain how its lack of knowledge would affect the validity of the attorneys' lien. Even if the State was not aware of the contingency agreement, it is "charged with notice of the lien which

13

the attorney for the opposite party will have on the property recovered for his client for professional services rendered him in such litigation[.]" *Stewart*, 131 Ga. at 68 (a).

Finally, the State argues that "the property at issue in the civil forfeiture action . . . is in fact property and proceeds derived from violations of the Georgia [RICO] Act." However, the State cites no authority, and we have found none, to support the State's implicit argument that OCGA § 15-19-14 (c) does not apply to property recovered in a civil forfeiture action.

In short, McDonald & Cody, Sliger, and Maples sought the return of the Patels' property seized by the State and dismissal of the State's forfeiture complaint, and the trial court's June 24, 2019 order dismissing the State's complaint is a final order announcing the return of all of the Patels' property identified in the complaint, pending any appeal. Thus, the June 24, 2019 order is a "judgment of recovery," see *Bonner*, 107 Ga. at 455, and the property identified in the complaint constituted the "fruits of the labor and skill of the attorney, . . . realized by judgment[.]" See *Smith, Bassett, Purcell & Koenig*, 234 Ga. App. at 264. As a matter of law, at the moment the June 24, 2019 order was entered, the attorneys' lien was perfected. See *Bonner*, 107 Ga. at 455. Consequently, under the circumstances of this case, the trial court

14

erred in concluding that there was no valid and enforceable lien under OCGA § 15-19-14 (c) on the ground that there was no "ultimate recovery" for the Patels.

*Judgment reversed. Dillard, P. J., and Markle, J., concur.*